PILLSBURY WINTHROP SHAW PITTMAN LLP
CRAIG A. BARBAROSH (State Bar No. 160224)
craig.barbarosh@pillsburylaw.com
MARK D. HOULE (State Bar No. 194861)
mark.houle@pillsburylaw.com
DAVID TABIBIAN (State Bar No. 251719)
david.tabibian@pillsburylaw.com
725 South Figueroa Street, Suite 2800
Los Angeles, California 90017-5406
Telephone: (213) 488-7100
Facsimile: (213) 629-1033

Attorneys for Creditor,
Pacific Bell Telephone Company d/b/a AT&T California

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# (LOS ANGELES DIVISION)

| | |
|---|---|
| In re:<br><br>ConnectTo Communications, Inc.,<br><br>Debtor. | Case No. 2:10-bk-19227-VZ<br><br>Chapter 11<br><br>**DECLARATION OF MARK D. HOULE IN SUPPORT OF AT&T'S: (1) APPLICATION FOR ORDER SETTING HEARING ON SHORTENED NOTICE, (2) MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362, AND (3) MOTION TO DISMISS THE BANKRUPTCY CASE WITH A 180-DAY BAR**<br><br>DATE:    TBD<br>TIME:    TBD<br>PLACE:   Courtroom 1368<br>         Roybal Federal Building<br>         255 E. Temple Street<br>         Los Angeles, CA 90012 |

601110501v2 — - 1 - — DECLARATION OF MARK D. HOULE
CASE NO.: 2:09-bk-43560 VZ

# DECLARATION OF MARK D. HOULE

I, Mark D. Houle, declare and state as follows:

1. The matters stated herein are true and correct and within my own personal knowledge and belief. If called as a witness, I could and would competently testify thereto. I am Of Counsel with the law firm of Pillsbury Winthrop Shaw Pittman LLP ("Pillsbury" or the "Firm") and am authorized to make this declaration on behalf of the Firm.

2. The Firm is counsel to Pacific Bell Telephone Company d/b/a AT&T California ("AT&T") in the above-captioned chapter 11 bankruptcy case of ConnectTo Communications, Inc., the debtor and debtor-in possession herein (the "Debtor"), and in the Debtor's prior bankruptcy case, case no. 2:09-bk-43560-VZ (the "Prior Case"). This Declaration is filed in support of both AT&T's motion for relief from the automatic stay and AT&T's motion to dismiss the Debtor's instant chapter 11 case, both of which are filed concurrently herewith.

3. On or about January 22, 2010, at my direction AT&T filed its motion for relief from stay, or, in the alternative, for adequate protection (the "Stay Motion") [docket no. 23], in the Prior Case, which was initially set for hearing on February 16, 2010.

4. At the hearing on the Stay Motion on February 16, 2010, at which I appeared, even though there was no opposition filed to the Stay Motion, this Court continued the hearing on the Stay Motion by one month to March 16, 2010, based on oral requests of Debtor's counsel to continue the hearing on the ground that he had recently been engaged, and to provide Debtor an opportunity to respond to the Stay Motion. At the February 16, 2010, hearing, it is my recollection that Second Counsel also represented to the Court that Debtor had the funds to pay AT&T, and that if the Court granted the motion to dismiss, Debtor could pay AT&T.

5. Immediately after the hearing on the Stay Motion on February 16, 2010, in the hallway outside of the Courtroom and in the presence of Debtor's counsel Michael Jay Berger, a person who I understand to be Debtor's principal Araksiya Nadjarian stated to Firm attorney David Tabibian and me that as soon as the case was dismissed, Debtor could pay all of the post-petition arrears owing to AT&T in the amount of approximately $250,000.

6. Subsequent to this discussion with Mr. Nadjarian on February 16, 2010, I was not contacted by AT&T for any repayment discussions, nor am I aware that any such overtures were made by anyone on behalf of Debtor to AT&T, until March 11, 2010.

7. On March 11, 2010, at approximately 3:00 p.m., Debtor's now apparent third bankruptcy counsel, Scott C. Clarkson of Clarkson, Gore & Marsella, APLC ("Third Counsel"), contacted me and stated, among a great many other things, that AT&T would have to agree to refrain from terminating the underlying contracts immediately upon entry of the Dismissal Order or Debtor would have to re-file a Chapter 11 case as soon as the Dismissal Order was entered, and further made a repayment proposal to AT&T including an up-front payment of less than $50,000.

8. In response, in a subsequent call between me and Mr. Clarkson at approximately 5:30 p.m. on March 11, 2010, among other things I informed Mr. Clarkson that the proposal was insufficient and AT&T did not accept it, that the Debtor had lost credibility with AT&T given Debtor's repeated failures to perform, and that AT&T would not agree to refrain from seeking to terminate the underlying contracts.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed March 17, 2010 in Costa Mesa, California.

_____
MARK D. HOULE