PILLSBURY WINTHROP SHAW PITTMAN LLP
CRAIG A. BARBAROSH (State Bar No. 160224)
craig.barbarosh@pillsburylaw.com
MARK D. HOULE (State Bar No. 194861)
mark.houle@pillsburylaw.com
DAVID TABIBIAN (State Bar No. 251719)
david.tabibian@pillsburylaw.com
725 South Figueroa Street, Suite 2800
Los Angeles, California 90017-5406
Telephone: (213) 488-7100
Facsimile:  (213) 629-1033

Attorneys for Creditor,
Pacific Bell Telephone Company d/b/a AT&T California

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# (LOS ANGELES DIVISION)

| | |
|---|---|
| In re:<br><br>ConnectTo Communications, Inc,,<br><br>            Debtor. | Case No. 2:10-bk-19227 VZ<br><br>Chapter 11<br><br>**AT&T'S STATEMENT OF POSITION AND LIMITED OBJECTION TO (1) EMERGENCY MOTION RE UTILITY PROVIDERS UNDER SECTION 366; AND (2) EMERGENCY MOTION FOR USE OF CASH COLLATERAL**<br><br>**<u>Hearing on Debtor's Emergency Motions</u>**<br><br>Date:      March 18, 2010<br>Time:     11:00 a.m.<br>Courtroom: Courtroom 1368<br>               Roybal Federal Building<br>               255 E. Temple Street<br>               Los Angeles, CA 90012 |

Creditor PACIFIC BELL TELEPHONE COMPANY d/b/a AT&T CALIFORNIA ("AT&T") hereby submits its Statement of Position and Limited Objection to (i) the Emergency Motion for Order (1) Prohibiting Utilities from Altering, Refusing, or Discontinuing Service, (2) Establishing Procedures for Determining Adequate Assurance of Payment to AT&T ("Utilities Motion"), and (ii) the Emergency Motion for Approval for Interim Use of Cash Collateral ("Cash Collateral Motion"), filed by CONNECTTO COMMUNICATIONS, the chapter 11 debtor and debtor in possession herein ("Debtor).

## I. INTRODUCTION AND BACKGROUND

The Debtor's chapter 11 case is a bad faith filing, and AT&T will be filing a motion for relief from the automatic stay and motion for dismissal in this case, both of which will be set for hearing on April 20, 2010.[1] While the issue of relief from stay/dismissal will not technically be before the Court at the first day emergency hearings, it is important that those issues be addressed for the Court's information in connection with the first day hearings, especially since they have been largely glossed over by Debtor in its emergency papers.

As this Court is aware, Debtor previously filed a chapter 11 case on November 30, 2009 ("Original Petition Date"), which was converted to chapter 7 on January 25, 2010, and dismissed on March 12, 2010. Debtor had two different bankruptcy counsel in the prior case – now, Debtor's third bankruptcy counsel filed the instant chapter 11 case. AT&T filed a motion for relief from stay in the prior case, which was continued for a month by the Court upon Debtor's counsel's request that he had only been counsel for Debtor for less than two weeks, and in order to allow Debtor the opportunity to respond to the Stay Motion. At the same hearing on February 16, 2010, Debtor's second counsel also stated to the Court that Debtor had the funds to

---

[1] AT&T will also submit an application to have the motion to dismiss and motion for relief from stay set on shortened notice given the severity of the circumstances.

pay AT&T and that if the bankruptcy case was dismissed, Debtor could pay AT&T.[2] Debtor's motion to dismiss the prior case was also filed on the express basis that "Debtor will be able to pay its bills and sustain its business outside of chapter 7 …" The order dismissing the chapter 7 case was entered on March 12, 2010.

Yet, contrary to Debtor's representations to the Court, <u>on the very same day, Debtor re-filed this chapter 11 case</u>. Moreover, contrary to Debtor's assertions, AT&T did not "refuse" to engage in repayment discussions with Debtor. AT&T received a payment proposal on March 11 (the day before the bankruptcy filing), rejected it as insufficient, indicated the Debtor had little credibility given its multiple past failures, and refused to acquiesce to Debtor's threats that Debtor would re-file bankruptcy immediately unless AT&T agreed it would not seek to terminate the contracts between the parties.

This case is simply the Part 2 of a serial bankruptcy commenced by Debtor, and Debtor should not be given another opportunity to prejudice creditors, including AT&T, by improper actions. In particular, AT&T will be extremely prejudiced by allowing this case to continue as it could result in recharacterization of AT&T's administrative claim in Debtor's prior bankruptcy case, in an amount in excess of $400,000.00, into a pre-petition general unsecured claim in this case, while Debtor continues to incur additional charges for use of services provided by AT&T. To that end, it is high irony for Debtor to assert in the Utilities Motion that "[t]he Debtor desires to prevent or limit administrative claims of AT&T from accruing." Clearly the Debtor is highly focused on doing just that.

## II.    LIMITED OBJECTION RE EMERGENCY MOTIONS

AT&T disagrees with the Debtor's assertion that AT&T is not a utility

---

[2] AT&T is currently in the process of obtaining a transcript of the February 16, 2010 hearing on an expedited basis, and will present such transcript to the Court as soon as it is available.

provider pursuant to section 366. However, that issue is irrelevant for purposes of the Utilities Motion as AT&T does not object to the adequate protection proposal for AT&T set forth in the Utilities Motion and the Cash Collateral Motion, which provides that Debtor will pay to AT&T bi-monthly payments for all post-petition use of AT&T's services. By review of the Cash Collateral Motion, it appears Debtor's intent is to pay all charges to AT&T for a given month within that same month in two separate payments. Debtor should also be required to reconcile and pay on the next payment cycle any underpayment for that month (or subtract any overpayment), given that the Cash Collateral budget simply provides for monthly payments in a set amount of $120,706.30, and since actual amounts due will vary. AT&T should also be allowed to keep the existing deposit referenced in the Utilities Motion, and further reserves the right to petition the Court for relief immediately upon any post-petition default (and not have to wait 20 days after default as proposed in the Motion), as Debtor would not be entitled to such notice period with respect to any counterparty to an executory contract.

### III. CONCLUSION

In sum, this bankruptcy case represents a manifest abuse of bankruptcy law and bankruptcy policies, as well as abuse of this Court, by the Debtor. AT&T does not object to post-petition adequate protection of bi-monthly payments to AT&T for all post-petition use of AT&T's services, provided that Debtor is required to reconcile and pay on the first payment cycle for a month any underpayment for the prior month (or setoff any overpayment in the prior month), and provided further that AT&T is entitled to retain the deposit referenced in the Utilities Motion, and AT&T retains the right to petition the Court for relief immediately upon any post-petition default. Other than AT&T's position regarding adequate protection, AT&T asks this Court to keep the background of Debtor's prior case in mind pending hearing on AT&T's motion for relief from stay and motion to dismiss.

Based on the emergency nature of the Utility Motion and Cash Collateral Motion, AT&T reserves all other rights to further object at the hearing on the motions.

Dated: March 17, 2010

PILLSBURY WINTHROP SHAW PITTMAN LLP
CRAIG A. BARBAROSH
MARK D. HOULE
DAVID TABIBIAN

By: /s/ Mark D. Houle
Mark D. Houle, Esq.
Attorneys for Creditor,
Pacific Bell Telephone Company d/b/a AT&T California