PILLSBURY WINTHROP SHAW PITTMAN LLP
CRAIG A. BARBAROSH (State Bar No. 160224)
craig.barbarosh@pillsburylaw.com
MARK D. HOULE (State Bar No. 194861)
mark.houle@pillsburylaw.com
DAVID TABIBIAN (State Bar No. 251719)
david.tabibian@pillsburylaw.com
725 South Figueroa Street, Suite 2800
Los Angeles, California 90017-5406
Telephone: (213) 488-7100
Facsimile:  (213) 629-1033

Attorneys for Creditor,
Pacific Bell Telephone Company d/b/a AT&T California

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### (LOS ANGELES DIVISION)

| | |
|---|---|
| In re:<br><br>ConnectTo Communications, Inc.,<br><br>Debtor. | Case No. 2:10-bk-19227 VZ<br><br>Chapter 11<br><br>**DECLARATION OF MARK D. HOULE IN SUPPORT OF AT&T'S STATEMENT OF POSITION AND LIMITED OBJECTION TO (1) EMERGENCY MOTION RE UTILITY PROVIDERS UNDER SECTION 366; AND (2) EMERGENCY MOTION FOR USE OF CASH COLLATERAL**<br><br>**Hearing on Debtor's Emergency Motions**<br><br>Date:        March 18, 2010<br>Time:        11:00 a.m.<br>Courtroom:   Courtroom 1368<br>            Roybal Federal Building<br>            255 E. Temple Street<br>            Los Angeles, CA 90012 |

## DECLARATION OF MARK D. HOULE

I, Mark D. Houle, declare and state as follows:

1.    The matters stated herein are true and correct and within my own personal knowledge and belief.  If called as a witness, I could and would competently testify thereto.  I am of Counsel with the law firm of Pillsbury Winthrop Shaw Pittman LLP ("Pillsbury" or the "Firm") and am authorized to make this declaration on behalf of the Firm.

2.    The Firm is counsel to Pacific Bell Telephone Company d/b/a AT&T California ("AT&T") in the above-captioned chapter 11 bankruptcy case of ConnectTo Communications, Inc., the debtor and debtor-in possession herein (the "Debtor"), and in the Debtor's prior bankruptcy case, case no. 2:09-bk-43560-VZ (the "Prior Case").  Debtor filed its Chapter 11 voluntary petition for relief on November 30, 2009 (the "Original Petition Date"), represented by counsel Law Offices of Yeznick O. Kazandjian ("First Counsel").

3.    I have reviewed the Court's PACER system, which reflects that on December 23, 2009, the Office of the United States Trustee ("OUST") filed a Motion to Convert or Dismiss Case [docket no. 14] based on Debtor's failure to comply with various filing requirements.  This Court converted the Debtor's case to Chapter 7 by order entered on January 25, 2010.

4.    On January 22, 2010, at my direction, AT&T filed its motion for relief stay, or, in the alternative, for adequate protection (the "Stay Motion") [docket no. 23], which was set for hearing on February 16, 2010.

5.    On February 4, 2010, represented by new bankruptcy counsel Michael Jay Berger of the Law Offices of Michael Jay Berger ("Second Counsel"), Debtor filed a Motion to Dismiss Case and Declaration of Araksiya Nadjarian in support (the "Dismissal Motion") [docket no. 38], wherein Mr. Nadjarian testified in relevant part that: "I believe, after a discussion of the merits of our company's filing with Michael Jay Berger of the Law Offices of Michael Jay Berger, that the dismissal of this case would be in the best interests of the Debtor's creditors and in the Debtor's own best interests.  The Debtor will be able to pay its bills and sustain its business outside of Chapter 7; inside Chapter 7 the Debtor's business will cease to exist and this will lead to all of the

1    Debtor's customers' service being completely disconnected." Dismissal Motion, page 9, lines 7-14

2    (emphasis added). A true and correct copy of the Dismissal Motion (without exhibits) is attached

3    hereto as Exhibit "A" and incorporated herein by this reference.

4          6.     At the hearing on the Stay Motion on February 16, 2010, which I attended on behalf

5    of AT&T, even though there was no opposition filed to the Stay Motion this Court continued the

6    hearing on the Stay Motion by one month to March 16, 2010, based upon Debtor's counsel's

7    request that he had only been counsel for Debtor for less than two weeks, and in order to allow

8    Debtor the opportunity to respond to the Stay Motion. At the same hearing on February 16, 2010, it

9    is my recollection that Debtor's second counsel also stated to the Court that Debtor had the funds to

10   pay AT&T and that if the bankruptcy case was dismissed, Debtor could pay AT&T.

11         7.     Immediately after the hearing on the Stay Motion on February 16, 2010, in the

12   presence of Debtor's Second Counsel, Debtor's principal Araksiya Nadjarian stated to both of

13   AT&T's counsel present (David Tabibian of Pillsbury and myself) that as soon as the case was

14   dismissed Debtor could pay all of the post-petition arrears owing to AT&T in the amount of

15   approximately $250,000.

16         8.     At the hearing on March 2, 2010, this Court granted Debtor's Dismissal Motion

17   without the need for appearance by any party, however, the proposed order dismissing the case was

19   not lodged until March 9, 2010, and was just entered by the Court as of March 12, 2010 ("Dismissal

20   Order"). A true and correct copy of the Dismissal Order is attached hereto as Exhibit "B," and

21   incorporated herein by this reference.

22         9.     On March 11, 2010, at approximately 3:00 p.m., Debtor's now apparent third

23   bankruptcy counsel, Scott C. Clarkson of Clarkson, Gore & Marsella, APLC ("Third Counsel"),

24   contacted me and stated, among a great many other things, that AT&T would have to agree to

25   refrain from terminating the underlying contracts immediately upon entry of the Dismissal Order or

26   Debtor would have to re-file a Chapter 11 case as soon as the Dismissal Order was entered, and

27   further made a repayment proposal to AT&T including an up-front payment of less than $50,000.

28

10.     In response, in a subsequent call between Mr. Clarkson and I at approximately 5:30 p.m. on March 11, 2010, among other things I informed Mr. Clarkson that the proposal was insufficient and AT&T did not accept it, that the Debtor had lost credibility with AT&T given Debtor's repeated failures to perform, and that AT&T would not agree to refrain from seeking to terminate the underlying contracts.

11.     A true and correct copy of the Declaration of David J. Egan filed in support of the Stay Motion ("Egan Declaration") [docket no. 23], and Exhibit "D" attached thereto reflecting the Debtor's post-petition payment history, are collectively attached hereto as Exhibit "C" and incorporated herein by this reference.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed March 16, 2010 in Los Angeles, California.

_____
MARK D. HOULE

Case 2:10-bk-19227-VZ    Doc 27-1    Filed 03/17/10    Entered 03/17/10 18:45:15    Desc
Case 2:09-bk-43560-VZ    Doc 68    Filed 02/04/10    Entered 02/04/10    Page 45 of 28    Desc
Declaration of Mark Doc 68 Rule Support (W/Exhibit 02/04/ 2 Cy/ Page 45 of 28 Desc
Main Document    Page 1 of 14

1  **MICHAEL JAY BERGER (State Bar # 100291)**
   **LAW OFFICES OF MICHAEL JAY BERGER**
2  9454 Wilshire Blvd. 6th Floor
   Beverly Hills, CA 90212-2929
3  Telephone:    (310) 271-6223
   Facsimile:    (310) 271-9805
4  michael.berger@bankruptcypower.com

5
   **Attorney for Debtor,**
6  **Connect to Communications**

7

8              UNITED STATES BANKRUPTCY COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10                  LOS ANGELES DIVISION

11

12  In re:                        ) CASE NO.: 2:09-bk-43560-VZ
                                  )
13  CONNECT TO COMMUNICATIONS,    ) Chapter 7 (Previous Chapter 11)
                                  )
14        Debtor.                 ) NOTICE OF MOTION AND MOTION OF
                                  ) DEBTOR TO DISMISS CASE;
15                                ) MEMORANDUM OF POINTS AND
                                  ) AUTHORITIES AND DECLARATIONS
16                                ) OF ARAKSIYA NADJARIAN AND
                                  ) MICHAEL JAY BERGER IN SUPPORT
17                                ) THEREOF
                                  )
18                                ) Date:  February 25, 2010
                                  ) Time:  11:00 a.m.
19                                ) Place: Courtroom 1368
                                  )        255 E. Temple Street
20                                )        Los Angeles, CA 90012
                                  )
21  _____

22

23  TO THE HONORABLE VINCENT P. ZURZOLO, UNITED STATES

24  BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND

25  CREDITORS AND PARTIES-IN-INTEREST:

26      **PLEASE TAKE NOTICE** that on February 25, 2010, at 11:00 a.m., or as soon

27  thereafter as may be heard, in Courtroom 1368 of the above-captioned Court, located at 255 E.

28

**EXHIBIT** A  **PAGE** 5

"Debtor"), will move this Court for an order Dismissing the Bankruptcy Case (the "Motion").

This Motion is made pursuant to 11 U.S.C. §305(a)(1), and is based upon this Notice and

Motion, the Memorandum of Points and Authorities in support thereof, the Declarations of

Araksiya Nadjarian and Michael Jay Berger in support thereof, the pleadings and files in the

Debtor's bankruptcy case, and upon such further oral and documentary evidence as may be

presented to the Court in support of the Motion.


                              LAW OFFICES OF MICHAEL JAY BERGER


Dated:                    By:    _____
                                 Michael Jay Berger
                                 Attorney for Debtor.
                                 Connect to Communications

**EXHIBIT A PAGE 6**

## I.    INTRODUCTION

Connect to Communications, debtor herein ("Debtor"), is a telecommunications company that services approximately 20,000 customers by re-selling local telecommunications service purchased in bulk from Pacific Bell Telephone Company, doing business as AT&T California ("AT&T"), and buying pre-paid long distance services from approximately six different long-distance carriers (the "Long Distance Carriers"). Approximately 80% of the Debtor's customers are low income. The services provided by the Debtor to its low income customers is significantly subsidized by the Public Utilities Commission (the "PUC"). See Declaration of Araksiya Nadjarian (the "Nadjarian Declaration"), paragraph 2.

On November 30, 2009, Debtor filed for a voluntary Chapter 11 bankruptcy petition (the "Petition"). The Debtor's filing was precipitated by the Debtor falling behind in payments due to AT&T as a result of the failure of the PUC to timely provide the promised subsidies. The Debtor enlisted the Law Offices of Yeznik O. Kazandjian ("Prior Counsel") to assist the Debtor in filing the Petition. See Nadjarian Declaration, paragraph 3. Prior Counsel filed the Petition for the Debtor, accepted a retainer in the amount of $5,000.00, and filed a Declaration regarding Limited Scope of Appearance Pursuant to Local Bankruptcy Rule 2090-1 ("LBR Form 2090-1") which indicated that Prior Counsel was to prepare and file the petition and represent the Debtor at its 341(a) hearing. See Exhibit "1" to the Declaration of Michael Jay Berger (the "Berger Declaration"), page 23. Prior Counsel filed an emergency petition, and then filed, on December 16, 2009, deficiencies for the Debtor. See Exhibit "2" to the Berger Declaration, docket number 11.

As evidence of the poor service the Debtor received from Prior Counsel in the handling of Debtor's chapter 11, the Debtor's schedule D lists the amount of the monthly payment.

DEBTOR'S MOTION TO DISMISS
**EXHIBIT** A **PAGE** 7

$6,434.03, to Wilshire State Bank ("WSB") as the amount of the claim, when the balance due to WSB is approximately $680,000.00. See Nadjarian Declaration, paragraph 4. Prior Counsel provided the Debtor with no counseling as to any requirements specific to the Office of the United States Trustee ("OUST"). On December 28, 2009 the OUST filed a Motion to Dismiss or Convert which went unopposed by the Debtor or Prior Counsel, leading to conversion by this Court on January 25, 2010. See Exhibit "2" to the Berger Declaration, docket numbers 14 and 25. On January 22, 2010, AT&T filed a Motion for Relief from Stay (the "AT&T Motion"), which is set for hearing on February 16, 2010. See Exhibit "2" to the Berger Declaration, docket number 23.

The Debtor's present counsel, the Law Offices of Michael Jay Berger ("Debtor's Counsel"), after meeting with the Debtor, has discovered that there are significant errors in the Debtor's schedules that may understate the Debtor's assets and, without question, grossly understate the Debtor's liabilities. See Berger Declaration, paragraph 4

There are a number of issues that necessitate the immediate dismissal of this chapter 7. While in chapter 7, the Debtor is unable to pay any bills, notably payroll, which was due on January 29, 2010. Further, the Debtor cannot purchase additional pre-paid services with the Long Distance Carriers. Some of the Debtor's customers have already been disconnected by the Long Distance Carriers and Debtor estimates that all pre-paid services will be exhausted, and all long distance service shut off, by approximately February 5, 2010. See Nadjarian Declaration, paragraph 5.

The Debtor's schedules also incorrectly list East-West Bank ("EWB") as a secured creditor when they are, in fact, unsecured. Additionally, the claim of EWB is actually approximately $250,000.00, as opposed to the $11,086.86 scheduled. See Nadjarian Declaration,

EXHIBIT  A  PAGE  8

paragraph 6. There may also be additional unsecured creditors but Debtor's Counsel has not fully investigated the existence or non-existence of such creditors at this time. The Debtor's secured creditors appear to include the $680,000.00 claim of WSB, as well as an improperly scheduled claim of Wells Fargo Bank ("WFB"), which is actually approximately $100,000.00, not $7,461.14 as scheduled. See Berger Declaration, paragraph 5.

    The Debtor's assets, although they may be slightly understated on the Debtor's schedules, will not likely exceed the claims of secured creditors, which will probably include all of the Debtor's assets as security. Therefore, if this chapter 7 is administered unsecured creditors will likely receive nothing. Outside of bankruptcy the Debtor can work with its secured creditors and AT&T. Inside of chapter 7, the Debtor will fail and its unsecured creditors will receive nothing. See Berger Declaration, paragraph 6.

    The Debtor, after a discussion of the merits of its filing with Debtor's Counsel, believes that the dismissal of this case would be in the best interest of the Debtor's creditors and in the Debtor's own best interests. The Debtor will be able to pay its bills and sustain its business outside of chapter 7; inside chapter 7 the Debtor's business will cease to exist and this will lead to all of the Debtor's customers' service being completely disconnected. See Nadjarian Declaration, paragraph 7. Further, Chapter 7 Trustee is not opposed to the instant Motion for an Order Dismissing the Debtor's Bankruptcy Case (the "Motion"). See Berger Declaration, paragraph 7.

    From a review of the Petition, the Debtor believes that Prior Counsel forged the signature of Debtor's representative on the Statement of Financial Affairs and LBR Form 2090-1. See Nadjarian Declaration, paragraph 7; see also See Exhibit "1" to the Berger Declaration, pages 21 and 23.

EXHIBIT A PAGE 9

The Debtor specifically agrees to pay any fees and costs incurred by the OUST or Chapter 7 Trustee as part of any Order Dismissing this case. See Nadjarian Declaration, paragraph 9.

## II.   MEMORANDUM OF POINTS AND AUTHORITIES

11 U.S.C.§ 305(a)(1) provides, in pertinent part, as follows:

"The court, after notice and a hearing, may dismiss a case under this title. . . at any time if--

(1) The interests of creditors and the Debtor would be better served by such dismissal."

In this case, the Debtor's Chief Executive Officer has stated under penalty of perjury that the Debtor's interests would be better served by the dismissal of this case than by the continuance of the case. See Nadjarian Declaration, paragraph 5. The Debtor is only in chapter 7 because of the ineffective counsel it received from Prior Counsel. If the Debtor were to remain in chapter 7, the case would be left to the Chapter 7 Trustee and the Debtor's business will cease to exist, leading to the loss of phone service for all of the Debtor's 20,000 customers.

The Debtor's schedules also incorrectly list East-West Bank ("EWB") as a secured creditor when they are, in fact, unsecured. Additionally, the claim of EWB is actually approximately $250,000.00, as opposed to the $11,086.86 scheduled. There may also be additional unsecured creditors but Debtor's Counsel has not fully investigated the existence or non-existence of such creditors at this time. The Debtor's secured creditors appear to include the $680,000.00 claim of WSB, as well as an improperly scheduled claim of WFB, which is actually approximately $100,000.00, not $7,461.14 as scheduled. As further evidence of the ineffective counsel received from Prior Counsel, the Debtor's petition, despite being a chapter 11, states the chapter as 7 throughout the schedules. See Berger Declaration, paragraph 8.

6

DEBTOR'S MOTION TO DISMISS   **EXHIBIT** $\underline{A}$   **PAGE** $\underline{10}$

1  The Debtor's assets, although they may be slightly understated on the Debtor's schedules,

2  will not likely exceed the claims of secured creditors, which will probably include all of the

3  Debtor's assets as security. Therefore, if this chapter 7 is administered unsecured creditors will

4  likely receive nothing. Outside of bankruptcy the Debtor can work with its secured creditors and

5  AT&T. Inside of chapter 7, the Debtor will fail and its unsecured creditors will receive nothing.

6
7  Under 11 U.S.C. §305(a)(1), dismissal of the instant bankruptcy is both necessary and

8  appropriate.

9  **III.    CONCLUSION**

10  The granting of this Motion is in the best interest of the Debtor and the Debtor's creditors.

11  Accordingly, this motion should be granted.

12
13
14  Dated: February ___, 2010                    **LAW OFFICES OF MICHAEL JAY BERGER**

15
16
17                                              Michael Jay Berger
18                                              Attorney for Debtor,
                                                Connect to Communications
19
20
21
22
23
24
25
26
27
28

**EXHIBIT** A    **PAGE** 11

## DECLARATION OF ARAKSIYA NADJARIAN

I, Araksiya Nadjarian, declare and state as follows:

1.      I am the Chief Executive Office of Connect to Communications (the "Debtor"), debtor in the above-captioned bankruptcy. I have personal knowledge of the facts set forth below and if called to testify as to those facts, I could and would competently do so.

2.      Debtor is a telecommunications company that services approximately 20,000 customers by re-selling local telecommunications service purchased in bulk from Pacific Bell Telephone Company, doing business as AT&T California ("AT&T"), and buying pre-paid long distance services from approximately six different long-distance carriers (the "Long Distance Carriers"). Approximately 80% of the Debtor's customers are low income. The services provided by the Debtor to its low income customers is significantly subsidized by the Public Utilities Commission (the "PUC").

3.      On November 30, 2009, Debtor filed for a voluntary Chapter 11 bankruptcy petition (the "Petition"). The Debtor's filing was precipitated by the Debtor falling behind in payments due to AT&T as a result of the failure of the PUC to timely provide the promised subsidies. The Debtor enlisted the Law Offices of Yeznik O. Kazandjian ("Prior Counsel") to assist the Debtor in filing the Petition.

4.      The Debtor's schedule D lists the amount of the monthly payment, $6,434.03, to Wilshire State Bank ("WSB") as the amount of the claim, when the balance due to WSB is approximately $680,000.00.

5.      There are a number of issues that necessitate the immediate dismissal of this chapter 7. While in chapter 7, the Debtor is unable to pay any bills, notably payroll, which was due on January 29, 2010. Further, the Debtor cannot purchase additional pre-paid services with

**EXHIBIT** _A_ **PAGE** _12_

1   the Long Distance Carriers. Some of the Debtor's customers have already been disconnected by

2   the Long Distance Carriers and Debtor estimates that all pre-paid services will be exhausted, and

3   all long distance service shut off, by approximately February 5, 2010.

4       6.      The Debtor's schedules also incorrectly list East-West Bank ("EWB") as a

5   secured creditor when they are, in fact, unsecured. Additionally, the claim of EWB is actually

6   approximately $250,000.00, as opposed to the $11,086.86 scheduled.

7       7.      I believe, after a discussion of the merits of our company's filing with Michael

8   Jay Berger of the Law Offices of Michael Jay Berger, that the dismissal of this case would be in

9   the best interests of the Debtor's creditors and in the Debtor's own best interests. The Debtor

10  will be able to pay its bills and sustain its business outside of chapter 7; inside chapter 7 the

11  Debtor's business will cease to exist and this will lead to all of the Debtor's customers' service

12  being completely disconnected.

13      8.      From a review of the Petition, it appears as though Prior Counsel forged my

14  signature on the Statement of Financial Affairs and LBR Form 2090-1, as the signatures that

15  appear on those forms are not mine.

16      9.      I specifically agree, on behalf of Debtor, that Debtor will pay any fees and costs

17  as part of any order dismissing this case.

18

19

20  I declare under penalty of perjury that the foregoing is true and correct and that this

21  declaration is executed on February 1, 2010 at Beverly Hills, California.

22

23

24

25

26                          ARARSIYA NADZARIAN

27

28

9

DEBTOR'S MOTION TO DISMISS

**EXHIBIT A PAGE 13**

## DECLARATION OF MICHAEL JAY BERGER

I, Michael Jay Berger, declare and state as follows:

1.      I am an Attorney at Law, licensed to practice before all of the courts in the State of California, and in the United States District Court for the Central District of California. I have personal knowledge of the facts set forth below and if called to testify as to those facts, I could and would competently do so.

2.      Attached hereto as Exhibit "1", and incorporated herein by this reference, is a true and correct copy of the deficiency filing filed by the Law Offices of Yeznik O. Kazandjian ("Prior Counsel"), on behalf of Connect to Communications, debtor herein ("Debtor"), on December 16, 2010.

3.      Attached hereto as Exhibit "2", and incorporated herein by this reference, is a true and correct copy of the Docket Report, printed from the Court's Pacer/ECF system on January 31, 2010.

4.      After meeting with the Debtor and discussing their assets and liabilities, and subsequently reviewing the schedules, it appears as though there are significant errors in the Debtor's schedules that may understate the Debtor's assets and, without question, grossly understate the Debtor's liabilities.

5.      From meeting with the Debtor, it appears as though there may also be additional unsecured creditors; however, my office has not fully investigated the existence or non-existence of such creditors at this time.  The Debtor's secured creditors appear to include the $680,000.00 claim of Wilshire State Bank, as well as an improperly scheduled claim of Wells Fargo Bank, which is actually approximately $100,000.00, not $7,461.14 as scheduled.

**EXHIBIT** ___A___ **PAGE** 14

6.      From my discussions with the Debtor and from a review of the schedules, it appears as though the Debtor's assets, although they may be slightly understated on the Debtor's schedules, will not likely exceed the claims of secured creditors.   The claims of the Debtor's secured creditors will probably include all of the Debtor's assets as security.   Therefore, if this chapter 7 is administered unsecured creditors will likely receive nothing.

7.      On January 28, 2010, I spoke with the Chapter 7 Trustee, Howard M. Ehrenberg, of Sulmeyer Kupetz, and discussed our office's intention of filing the instant Motion for an Order Dismissing the Debtor's Bankruptcy Case (the "Motion").  After a brief discussion of the Debtor's situation and the merits of the Motion, Mr. Ehrenberg indicated that the Chapter 7 Trustee would not be opposed to the Motion.

8.      As further evidence of the ineffective counsel received from Prior Counsel, the Debtor's petition, despite being a chapter 11, states the chapter as 7 throughout the schedules.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration is executed on February ___, 2010 at Beverly Hills, California

_____
MICHAEL JAY BERGER

11
DEBTOR'S MOTION TO DISMISS

**EXHIBIT  A   PAGE 15**

| In re: CONNECT TO COMMUNICATIONS | CHAPTER 7 |
|---|---|
| Debtor(s) | CASE NUMBER: 2:09-bk-43560-VZ |

NOTE: When using this form to indicate service of a proposed order, DO NOT list any person or entity in Category I

Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding  My business address is:

**9454 Wilshire Blvd., 6th floor, Beverly Hills, CA 90212-2929**

The foregoing document described **"MOTION OF DEBTOR TO DISMISS CASE; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATIONS OF ARAKSIYA NADJARIAN AND MICHAEL JAY BERGER IN SUPPORT THEREOF"** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d)  and (b) in the manner indicated below:

**I  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On  February 04, 2010  I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addresses(s) indicated below

☒  Service information continued on attached page

**II  SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On  February 04, 2010  I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows  Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒  Service information continued on attached page

**III  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct

| February 04, 2010 | Cristina Frankian | /s/ Cristina Frankian |
|---|---|---|
| Date | Type Name | Signature |

EXHIBIT _A_ PAGE _16_

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**<u>Service List</u>**

**Served Via Electronic Notice:**

Office of the United States Trustee
725 S. Figueroa Street, Suite 2600
Los Angeles, CA 90212
ustpregion16.la.ecf@usdoj.gov
dare.law@usdoj.gov

Howard M. Ehrenberg
SulmeyerKupetz
333 South Hope Street, 35th Floor
Los Angeles, CA 90071
ca25@ecfcbis.com
hmehrenberg@ecf.epiqsystems.com
ehrenbergtrustee@sulmeyerlaw.com

Dennis F Fabozzi
lkinney@dflaw.com

Marshall F Goldberg
mgoldberg@glassgoldberg.com

Mark D Houle
mark.houle@pillsburylaw.com

Clifford P Jung
clifford@jyllp.com

Raffi Khatchadourian
raffi@hemar-rousso.com

David Tabibian
david.tabibian@pillsburylaw.com

**Served Via US Mail:**

Landmark Financial Corp.
Hemar, Rousso & Heald, LLP
15910 Ventura Blvd., 12th Floor
Encino, CA 91436-2802

Wells Fargo Bank
William Schapiro
Credit Management Group
730 2nd Avenue South, Suite 500
Minneapolis, MN 55402-2447

DEBTOR'S MOTION TO DISMISS

**EXHIBIT___A___PAGE___17__**

1
2    AT&T
     722 N. Broadway, Floor 11
     Milwaukee, WI 53202-4303

3
4    National City Commercial Capital Company, LLC
     c/o Marshall F. Goldberg
     Steven R. Glass
5    Glass & Goldberg
     21700 Oxnard Street, Suite 430
6    Woodland Hills, CA 91367-3606

7    East West Bank
     135 N. Los Robles Avenue, 7th Floor
8    Pasadena, CA 91101-4525

9    East West Bank
     9300 Flair Drive, 6th Floor
10   El Monte, CA 91731

11   Wilshire State Bank
     3200 Wilshire Blvd.
12   Los Angeles, CA 90010

13
14   Pacific Bell Telephone Company
     AT&T Services Legal Department
     525 Market Street, Room 2018
15   San Francisco, CA 94105-2708

16   12016 Collections Center Drive
17   Chicago, IL 60693-0120

18   Internal Revenue Service
     Centralized Insolvency Operations
19   PO Box 21126
     Philadelphia, PA 19114-0326
20

21   Franchise Tax Board
     Bankruptcy Unit
22   PO Box 2952
     Sacramento, CA 95812-2952
23

24   Los Angeles County Tax Collector
     225 N. Hill Street
25   Los Angeles, CA 90012

26   Yoran Levy
     PO Box 260313
27   Encino, CA 91426

28

**14**
DEBTOR'S MOTION TO DISMISS

1  MICHAEL JAY BERGER (State Bar # 100291)
   LAW OFFICES OF MICHAEL JAY BERGER
2  9454 Wilshire Blvd. 6th Floor
   Beverly Hills, CA 90212-2929
3  Telephone:    (310) 271-6223
   Facsimile:    (310) 271-9805
4  michael.berger@bankruptcypower.com

5  Attorney for Debtor,
6  Connect to Communications

┌─────────────────────────────────┐
│        FILED & ENTERED          │
│                                 │
│         MAR 12 2010             │
│                                 │
│   CLERK U.S. BANKRUPTCY COURT   │
│   Central District of California │
│   BY kaaumoar DEPUTY CLERK      │
└─────────────────────────────────┘

CHANGES MADE BY COURT

7

8              UNITED STATES BANKRUPTCY COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10                 LOS ANGELES DIVISION

11

12  In re:                          ) CASE NO.: 2:09-bk-43560-VZ
                                     )
13  CONNECT TO COMMUNICATIONS,       ) Chapter 7 (Previous Chapter 11)
                                     )
14         Debtor.                   ) ORDER GRANTING MOTION TO
                                     ) DISMISS BANKRUPTCY CASE
15                                   )
                                     ) Date:  March 2, 2010
16                                   ) Time:  11:00 a.m.
                                     ) Location:  Courtroom 1368
17                                   )            255 E. Temple Street
                                     )            Los Angeles, CA 90012
18                                   )
19                                   )
    ─────────────────────────────────

20

21

22       **PLEASE TAKE NOTICE THAT** the Motion of Debtor, Connect To Communications

23  ("Debtor"), debtor and debtor-in-possession herein, for an order Dismissing the Bankruptcy Case

24  (the "Motion"), came on for hearing on March 2, 2010 at 11:00 a.m. in Courtroom 1368 of the

25  above-captioned Court, located at 255 E. Temple Street, Los Angeles, California 90012.  No

26

27

28

EXHIBIT___B___PAGE___19

1  opposition to the Motion was filed.  The Court, having considered the Motion, waived

2  appearances of counsel and granted the Motion.

3      Based upon the foregoing, **IT IS ORDERED** that the Motion is granted.

4

5

6                        ####

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27  DATED: March 12, 2010    _____
                            United States Bankruptcy Judge
28

2
ORDER DISMISSING BANKRUPTCY CASE

| In re: CONNECT TO COMMUNICATIONS | CHAPTER: 7 |
|---|---|
| Debtor(s). | CASE NUMBER: 2:09-bk-43560-VZ |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I.

    Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

    9454 Wilshire Blvd., 6th floor, Beverly Hills, CA 90212-2929

The foregoing document described "**ORDER DISMISSING BANKRUPTCY CASE**" will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On ___I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐    Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):

On   March 10, 2010   I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

☐    Service information continued on attached page

Office of the US Trustee
725 S. Figueroa Street, 26th Floor
Los Angeles, CA 90017

Howard Ehrenberg
SulmeyerKupetz
333 South Hope Street, 35th Floor
Los Angeles, CA 90071

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

☐    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| March 10, 2010 | Cristina Frankian | /s/ Cristina Frankian |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.
January 2009    F 9013-3.1

ORDER DISMISSING BANKRUPTCY CASE

**EXHIBIT** b **PAGE** 21

| In re:   CONNECT TO COMMUNICATIONS | CHAPTER:7 |
|---|---|
| Debtor(s). | CASE NUMBER: 2:09-bk-43560-VZ |

1

2      **NOTE TO USERS OF THIS FORM**:
**1)** Attach this form to the last page of a proposed Order or Judgment.  Do not file as a separate document.
3      **2)** The title of the judgment or order and all service information must be filled in by the party lodging the order.
**3)** **Category I.** below:  The United States trustee and case trustee (if any) will always be in this category.
4      **4)** **Category II.** below:  List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or
attorney) who filed an opposition to the requested relief.  DO NOT list an address if person/entity is listed in category I.

5

6      ## NOTICE OF ENTERED ORDER AND SERVICE LIST

7      Notice is given by the court that a judgment or order entitled **"ORDER GRANTING MOTION TO DISMISS
BANKRUTPCY CASE"** was entered on the date indicated as "Entered" on the first page of this judgment
8      or order and will be served in the manner indicated below:

9

10     **I.  SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling
General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following
person(s) by the court via NEF and hyperlink to the judgment or order.  As of
11     March 9, 2010, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy
case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

12

13
☒ Service information continued on attached page
14

**II.  SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or
15     order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or
entity(ies) at the address(es) indicated below:

16

17
☒ Service information continued on attached page
18

**III.  TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment
19     or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete
copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a
20     proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es),
facsimile transmission number(s), and/or email address(es) indicated below:

21

22
☒ Service information continued on attached page
23

24

25

26     This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.
*January 2009*                                                                                                    F 9021-1.1
27

28

4

ORDER DISMISSING BANKRUPTCY CASE

**EXHIBIT** _B_ **PAGE** _22_

1

# SERVICE LIST FOR NOTICE OF ENTRY OF ORDER

2

3

| Served Electronically<br>Section I | Served by U.S. Mail<br>Section II |
|---|---|
| Office of the United States Trustee<br>United States Trustee (LA)<br>725 S. Figueroa St., 26th Floor<br>Los Angeles, CA 90017<br>ustpregion16.la.ecf@usdoj.gov<br>dare.law@usdoj.gov<br><br>Attorney for Debtor<br>Michael Jay Berger<br>Law Offices of Michael Jay Berger<br>9454 Wilshire Blvd., 6th Floor<br>Beverly Hills, CA 90212-2929<br>michael.berger@bankruptcypower.com<br>cristina.frankian@bankruptcypower.com<br><br>Howard M. Ehrenberg<br>ehrenbergtrustee@sulmeyerlaw.com<br>ca25@ecfcbis.com<br>hmehrenberg@ecf.epiqsystems.com<br><br>Dennis F Fabozzi<br>lkinney@dfflaw.com<br><br>Marshall F Goldberg<br>mgoldberg@glassgoldberg.com<br><br>Mark D Houle<br>mark.houle@pillsburylaw.com<br><br>Clifford P Jung<br>clifford@jyllp.com<br><br>Raffi Khatchadourian<br>raffi@hemar-rousso.com<br><br>David Tabibian<br>david.tabibian@pillsburylaw.com | **Debtor**<br>Connect To Communications<br>555 Riverdale Drive, Suite A<br>Glendale, CA 91204 |

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5

ORDER DISMISSING BANKRUPTCY CASE

EXHIBIT B    PAGE 23

1

2

**Served by U.S. Mail**
**Section III**

3

4
Landmark Financial Corp.
Hemar, Rousso & Heald, LLP                    Wilshire State Bank
15910 Ventura Blvd., 12th Floor               3200 Wilshire Blvd.

5
Encino, CA 91436-2802                         Los Angeles, CA 90010

6
Wells Fargo Bank                              Pacific Bell Telephone Company

7
William Schapiro                              AT&T Services Legal Department
Credit Management Group                       525 Market Street, Room 2018

8
730 2nd Avenue South, Suite 500               San Francisco, CA 94105-2708
Minneapolis, MN 55402-2447

9
                                              12016 Collections Center Drive
AT&T                                          Chicago, IL 60693-0120

10
722 N. Broadway, Floor 11
Milwaukee, WI 53202-4303                      Internal Revenue Service
                                              Centralized Insolvency Operations

11
National City Commercial Capital Company,     PO Box 21126

12
LLC                                           Philadelphia, PA 19114-0326
c/o Marshall F. Goldberg

13
Steven R. Glass                               Franchise Tax Board
Glass & Goldberg                              Bankruptcy Unit

14
21700 Oxnard Street, Suite 430                PO Box 2952
Woodland Hills, CA 91367-3606                 Sacramento, CA 95812-2952

15
East West Bank                                Los Angeles County Tax Collector

16
135 N. Los Robles Avenue, 7th Floor           225 N. Hill Street
Pasadena, CA 91101-4525                       Los Angeles, CA 90012

17
East West Bank                                Yoran Levy

18
9300 Flair Drive, 6th Floor                   PO Box 260313
El Monte, CA 91731                            Encino, CA 91426

19

20

21

22

23

24

25

26

27

28

6

ORDER DISMISSING BANKRUPTCY CASE

**EXHIBIT** B **PAGE** 24

Case 2:10-bk-19227-VZ    Doc 27-1    Filed 03/17/10    Entered 03/17/10 18:45:15    Desc
Declaration of Mark D. Houle in Support (w/Exs. A thru C)    Page 25 of 28
Case 2:09-bk-43560-VZ    Doc 23-2    Filed 01/22/10    Entered 01/22/10 13:33:58    Desc
Supplemental Decl of D. Egan in Support of Motion for Relief from Stay    Page 1 of 3

1  PILLSBURY WINTHROP SHAW PITTMAN LLP
   CRAIG A. BARBAROSH (State Bar No. 160224)
2  craig.barbarosh@pillsburylaw.com
   MARK D. HOULE (State Bar No. 194861)
3  mark.houle@pillsburylaw.com
   DAVID TABIBIAN (State Bar No. 251719)
4  david.tabibian@pillsburylaw.com
   725 South Figueroa Street, Suite 2800
5  Los Angeles, California 90017-5406
   Telephone: (213) 488-7100
6  Facsimile:  (213) 629-1033

7

8  Attorneys for Creditor,
   Pacific Bell Telephone Company d/b/a AT&T California

9

10              UNITED STATES BANKRUPTCY COURT

11              CENTRAL DISTRICT OF CALIFORNIA

12                   (LOS ANGELES DIVISION)

13

14 | In re:                          | Case No. 2:09-bk-43560 VZ
   |                                 |
15 | CONNECT TO COMMUNICATIONS,      | Chapter 11
   |                                 |
16 |                      Debtor.    | **SUPPLEMENTAL DECLARATION
   |                                 | OF DAVID J. EGAN IN SUPPORT
17 |                                 | OF AT&T'S: (1) APPLICATION
   |                                 | FOR ORDER SETTING HEARING
18 |                                 | ON SHORTENED NOTICE, AND
   |                                 | (2) MOTION FOR RELIEF FROM
19 |                                 | THE AUTOMATIC STAY UNDER
   |                                 | 11 U.S.C. § 362, OR, IN THE
20 |                                 | ALTERNATIVE, FOR ADEQUATE
   |                                 | ASSURANCE OF PAYMENT
21 |                                 | UNDER 11 U.S.C. § 366**
   |                                 |
22 |                                 | <u>Application Hearing</u>
   |                                 | DATE:    To Be Determined
23 |                                 | TIME:    To Be Determined
   |                                 | PLACE:   Courtroom 1368
24 |                                 |          Roybal Federal Building
   |                                 |          255 E. Temple Street
25 |                                 |          Los Angeles, CA 90012

26

27

28

601071620v1                    - 1 -           SUPPLEMENTAL DECLARATION OF DAVID J. EGAN
                                               CASE NO.: 2:09-bk-43560 VZ

**EXHIBIT** _C_ **PAGE** 25

Case 2:10-bk-19227-VZ    Doc 27-1    Filed 03/17/10    Entered 03/17/10 18:45:15    Desc
Declaration of Mark D. Houle in Support (w/Exs. A thru C)    Page 26 of 28
Case 2:09-bk-43560-VZ    Doc 23-2    Filed 01/22/10    Entered 01/22/10 13:33:58    Desc
Supplemental Decl of D. Egan in Support of Motion for Relief from Stay    Page 2 of 3

I, DAVID J. EGAN, declare:

1.    I am employed as a Lead Credit Analyst by AT&T Services, Inc., an agent for PACIFIC BELL TELEPHONE COMPANY d/b/a AT&T CALIFORNIA ("AT&T"), a creditor in the above-entitled action. I have personal knowledge of the facts set forth in this declaration, and would competently testify thereto if called upon to do so.

2.    As part of my duties as Lead Credit Analyst, I am responsible for supervising, monitoring and reviewing the accounts, books and records of debtor CONNECT TO COMMUNICATIONS ("Debtor"). These books and records are kept in the normal course of AT&T's business, and it is within AT&T's regular business practices to keep such books and records.

3.    I have reviewed AT&T's books and records relating to Debtor's accounts. That review shows:

a.    On or about May 11, 2006, AT&T and Debtor entered into that certain Interconnection and/or Resale Agreement (the "IR Agreement"), attached hereto and incorporated herein as Exhibit "A". Pursuant to the IR Agreement, Debtor receives wholesale telecommunication services from AT&T at an estimated cost of about $27,000 per month.

b.    On or about May 15, 2006, AT&T and Debtor entered into that certain Commercial Agreement (the "Commercial Agreement"), attached hereto and incorporated herein as Exhibit "B". Pursuant to the Commercial Agreement, Debtor receives wholesale telecommunication services from AT&T at an estimated cost of about $94,000 per month. The IR Agreement and the Commercial Agreement are collectively referred to herein as the "Agreements".

c.    Pursuant to the Agreements, Debtor receives wholesale telecommunication services from AT&T under twenty-two (22) different accounts for which AT&T issues invoices to Debtor for payment on a monthly basis.

**EXHIBIT** _C_ **PAGE** 2 6

Case 2:10-bk-19227-VZ   Doc 27-1   Filed 03/17/10   Entered 03/17/10 18:45:15   Desc
Declaration of Mark D. Houle in Support (w/Exs. A thru C)   Page 27 of 28
Case 2:09-bk-43560-VZ   Doc 23-2   Filed 01/22/10   Entered 01/22/10 13:33:58   Desc
Supplemental Decl of D. Egan in Support of Motion for Relief from Stay   Page 3 of 3

d.    Over the course of the business relationship between the parties, Debtor has had a history of consistently missing and delaying payments for services received under the Agreements.  As of January 22, 2010, Debtor owes a total of $626,230.92 in prorated past due amounts to AT&T.  A summary spreadsheet of prorated past due amounts with the underlying invoices are attached hereto and incorporated herein as Exhibit "C".

e.    Even after the Debtor filed its petition on November 30, 2009, Debtor has still continued to use AT&T services and has ran up bills totaling $105,932.53 for prorated post-petition amounts that are now past due.  *See* Exhibit C.

f.    Given that Debtor's monthly invoices for use of AT&T's services are approximately $121,000, AT&T is damaged each day in the amount of approximately $4,000 due to Debtor's failure to make post-petition payments or to provide AT&T with adequate assurance of future payment.  Debtor has only made payments in the amount of $4,092.47 to AT&T since the petition date of November 30, 2009.  A post-petition payment history is attached hereto and incorporated herein as Exhibit "D".

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed January 22, 2010 in Milwaukee, Wisconsin.

_____
DAVID J. EGAN

601071620v1                    - 3 -                    SUPPLEMENTAL DECLARATION OF DAVID J. EGAN
CASE NO.: 2:09-bk-43560 VZ

EXHIBIT___C___PAGE 27

Case 2:10-bk-19227-VZ    Doc 27-1    Filed 03/17/10    Entered 03/17/10 18:45:15    Desc
Declaration of Mark D. Houle in Support (w/Exs. A thru C)    Page 28 of 28
Case 2:09-bk-43560-VZ    Doc 23-8    Filed 01/22/10    Entered 01/22/10 13:33:58    Desc
Exhibit Ex. D to Supplemental Decl of D. Egan    Page 1 of 1

Connect To Communications
Post-Petition Payments

Chapter 11 - 11/30/09

| Customer | pay_or_adj | Acct Nbr | Inv Nbr | OS | Reg | Grp | Classification | Tran Dt | Tran Amt |
|---|---|---|---|---|---|---|---|---|---|
| CONNECT TO COMMUNICATIONS | Payments | 2725648617929 | 564861792910000 | CABS | PB | LSC | Bankruptcy - Pending | 01/15/10 | $106.50 |
| CONNECT TO COMMUNICATIONS | Payments | 3725648601642 | 564860164210000 | CABS | PB | LSC | Bankruptcy - Pending | 01/15/10 | $540.97 |
| CONNECT TO COMMUNICATIONS | Payments | 3725648602282 | 564860228210000 | CABS | PB | LSC | Bankruptcy - Pending | 01/15/10 | $1,787.28 |
| CONNECT TO COMMUNICATIONS | Payments | 3735648606068 | 564860606810000 | CABS | PB | LSC | Bankruptcy - Pending | 01/15/10 | $1,400.72 |
| CONNECT TO COMMUNICATIONS | Payments | 3735648607691 | 564860769110000 | CABS | PB | LSC | Bankruptcy - Pending | 01/15/10 | $257.00 |
| Total | | | | | | | | | $4,092.47 |

EXHIBIT D PAGE 227

EXHIBIT C PAGE 28