1   **SCOTT C. CLARKSON, ESQ.** SBN 143271
    **EVE A. MARSELLA, ESQ.** SBN 165797
2   **CHRISTINE M. FITZGERALD, ESQ.** SBN 259014
    **CLARKSON, GORE & MARSELLA**
3   **A PROFESSIONAL LAW CORPORATION**
    **3424 Carson Street, Suite 350**
4   **Torrance, California 90503**
    **(310) 542-0111 Telephone**
5   **(310) 214-7254 Facsimile**

6
    [Proposed] Attorneys for ConnectTo Communications,
7   Inc.

8

9                   **UNITED STATES BANKRUPTCY COURT**

10                  **CENTRAL DISTRICT OF CALIFORNIA,**

11                       **LOS ANGELES DIVISION**

12

13  | In Re | Case No.  2:10-bk-19227-VZ |
    |---|---|

14  **CONNECTTO COMMUNICATIONS,**     Chapter 11
    **INC.,**

15              Debtor and Debtor in          **APPLICATION OF CONNECTTO**
16              Possession.                   **COMMUNICATIONS, INC. CHAPTER 11**
                                              **DEBTOR AND DEBTOR IN POSSESSION TO**
                                              **EMPLOY CLARKSON, GORE & MARSELLA,**
17                                            **APLC AS BANKRUPTCY COUNSEL;**
                                              **DECLARATION RE DISINTERESTEDNESS**
18                                            **OF SCOTT C. CLARKSON, ESQ.**

19                                            (NO HEARING REQUIRED)

20

21          **TO THE HONORABLE VINCENT P. ZURZOLO, UNITED STATES**

22  **BANKRUPTCY JUDGE, THE UNITED STATES TRUSTEE, AND ALL PARTIES IN**

23  **INTEREST:**

24          ConnectTo Communications, Inc., Chapter 11 Debtor and Debtor in Possession

25  ("Applicant" or "Debtor"), hereby files its application (the "Application") to employ Clarkson,

26  Gore & Marsella, APLC (the "Clarkson Firm") as counsel to the Debtor as of March 12, 2010, to

27

28

be compensated under the provisions of 11. U.S.C. §330 et seq., and respectfully represents the following:

## BACKGROUND

1.      The Debtor filed a petition for relief under chapter 11 of the Bankruptcy Code on March 12, 2010 (the "Filing Date").  The Debtor is currently a debtor-in-possession pursuant to section 1107 and 1108 of the Bankruptcy Code.

## THE CLARKSON FIRM

2.      The Debtor desires to retain Scott C. Clarkson, Eve A. Marsella, and other members, associates and of counsel of the Clarkson Firm as bankruptcy counsel as they are skilled counsel in insolvency proceedings and have special knowledge that will enable them to perform services of particular benefit to Applicant.

3.      The Debtor understands that the Clarkson Firm has extensive experience and knowledge in the field of creditors' and debtors' rights, including but not limited to, issues presented in this particular Chapter 11 proceeding.  Scott C. Clarkson ("Clarkson") is immediate past Chair of the Los Angeles County Bar Association's Commercial Law & Bankruptcy Section, and has extensive California and 9th Circuit experience in Chapter 11 proceedings and commercial law.  Clarkson also has extensive experience with the representation of Debtors in Possession, Creditor Committees, secured and unsecured creditors.  Clarkson serves as a Member on the Bar Advisory Board to the United States Bankruptcy Court for the Central District of California. The Bar Advisory Board is currently chaired by the Chief Bankruptcy Judge of the Central District of California, Vincent P. Zurzolo.  The Clarkson Firm does not believe that Clarkson's membership on the Bar Advisory Board creates either a conflict of interest or appearance of conflict of interest. The Clarkson Firm does not and never has represented any of the secured or unsecured creditors in this case, with the exception of Sprint Communications, which the Clarkson Firm represented approximately two years ago on unrelated matters.  This disclosure is further amplified below in paragraph 13 of this Application. Further, the Clarkson Firm has not represented any other of the creditors involved in this estate

1   and has never previously represented the Debtor or any of its insiders, affiliates, owners, officers

2   or directors.

3       4.      The Clarkson Firm has represented public corporation Debtor in Possession

4   entities and privately held chapter 11 debtors. The Clarkson Firm has also represented individual

5   chapter 11 debtors.  The Clarkson Firm also represents trustees and creditors in significant

6   bankruptcy litigation matters within the 9th Circuit.  The Clarkson Firm has represented a number

7   of Creditor Committees' and Sub-Creditor Committees' interests in cases such as ARG

8   Holdings, Inc. (aka Black Angus Restaurants); the Sizzler Restaurant Group, Inc., as well as

9   representing a significant number of secured and unsecured creditor entities within the 9th

10  Circuit.  Based upon the Clarkson Firm's experience and expertise, the Debtor believes that the

11  Clarkson Firm is well-qualified to provide effective, timely and efficient counsel in this Chapter

12  11 case.

13      5.      All attorneys comprising or associated with the Clarkson Firm who will render

14  services in these cases are dully admitted to practice law in all the courts of the State of

15  California and all of the United States District Courts and Bankruptcy Courts within the State of

16  California.  A summary of the experience and qualifications of those members of the Clarkson

17  Firm expected to render services to the Debtor is attached as Exhibit "A" to the annexed

18  Declaration of Scott C. Clarkson (the "Clarkson Declaration").

19                  **SCOPE OF CLARKSON FIRM'S EMPLOYMENT**

20      6.      Subject to this Court's approval, the Debtor will engage the Clarkson Firm as its

21  counsel in this bankruptcy case.  In order to contribute to the proper and expeditious

22  administration of this case, the Clarkson Firm must assist the Debtor in connection with this

23  proceeding and perform certain services including but shall not be limited to the following

24  matters:

25              a.      To assist and advise the Debtor relative to the administration of this

26  Chapter 11 case;

27              b.      To attend meetings and negotiate with the representatives of the secured

28

1    and unsecured creditors of the estate;

2              c.        To assist and advise the Debtor in its examination and analysis of the

3    conduct of the Debtor's affairs and the sale of its assets;

4              d.        To assist the Debtor in the preparation, analysis and negotiations of any

5    plan(s) of reorganization or liquidation that may be filed and to assist the Debtor in the

6    preparation, analysis and negotiation of the disclosure statement accompanying any such plan(s);

7              e.        To assist the Debtor in the review, analysis, and negotiation of any

8    financing agreements;

9              f.        To take all necessary action to protect and preserve the interests of the

10   Debtor, including the prosecution of actions on its behalf, negotiations concerning all bankruptcy

11   litigation in which the Debtor is involved, and review and analyze all claims filed against the

12   Debtor's estate;

13             g.        To generally prepare on behalf of the Debtor all necessary motions,

14   applications, answers, orders, reports and papers in support of positions taken by the Debtor;

15             h.        To appear, as appropriate, before this Court, the Appellate Courts, and the

16   United States Trustee and to protect the interests of the Debtor before said Courts and the United

17   States Trustee; and

18             i.        To perform all other necessary legal services in these cases.

19       7.        It is necessary for the Debtor to employ attorneys for such professional services.

20       8.        The Clarkson Firm attorneys who will be primarily responsible for representing

21   the Debtor are Scott C. Clarkson, Eve A. Marsella, shareholders of the Clarkson Firm, and

22   Christine Fitzgerald, an Associate of the Clarkson Firm.

23                        **COMPENSATION ARRANGEMENT**

24       9.        Prior to the filing of this case, the Clarkson Firm received a pre-petition

25   $60,000.00 engagement deposit from the Debtor, for services rendered, or to be rendered, in this

26   bankruptcy case. These funds have been placed in the Clarkson Firm's Client Trust Account.

27   Prior to the filing of the petition, $12,932.09 was drawn down from the Client Trust Account to

28

1  satisfy all pre-petition amounts owed to the Clarkson Firm related to pre-petition filing activities

2  and fees.  Subject to the Court's approval, the Clarkson Firm intends to charge the Debtor's

3  estate for its services in accordance with its typical billing practices. The Clarkson Firm is

4  requesting by this Application that these funds be available for monthly drawdown by the

5  Clarkson Firm pursuant to the Guidelines of the U.S. Trustee, and subject to appropriate interim

6  and final fee applications to be filed by the Clarkson Firm. A list of the guideline hourly rates for

7  the members, associates and paralegals for the Clarkson Firm expected to render services on

8  behalf of the Debtor is annexed as Exhibit "B" to the Clarkson Declaration.  Time for which fee

9  charges apply includes, but is not limited to, telephone calls, correspondence, meetings, legal

10  analysis and research, review and drafting of documents, interviewing of witnesses, discovery

11  proceedings (such as depositions and interrogatories), pleadings, motions, court appearances,

12  conferences and travel.  The Clarkson Firm will be entitled to reimbursement for any expenses

13  incurred with respect to this matter.  These expenses and services include, but are not limited to,

14  travel expense, long distance telephone charges, facsimile charges, postage, filing fees,

15  messenger service, court reporter services, expert witness fees, filing or search services,

16  document reproduction, document collation and binding, computer research time.  Included in

17  the attached Exhibit "B" are the rates charged for expenses incurred on behalf of the Clarkson

18  Firm's clients. The Clarkson Firm shall seek compensation pursuant to 11 U.S.C. §330.

19       10.    To the best of the Debtor's knowledge, and confirmed by the Declaration of Scott

20  C. Clarkson, no agreement exists between the Clarkson Firm and any other person for the

21  sharing of compensation received or to be received for services rendered in connection with this

22  case, except with the internal or affiliated (of counsel) parties of the Clarkson Firm.

23       11.    Subject to this Court's approval, the Clarkson Firm will be employed on an hourly

24  basis, with compensation for services and reimbursement of expenses to be paid pursuant to 11

25  U.S.C. Sections 330, 331, 503 and 507.

26  ///

27  ///

28

**THE CLARKSON FIRM IS DISINTERESTED**

12.    To the best of the Debtor's knowledge, based upon and subject to the disclosures in the Clarkson Declaration, the Clarkson Firm is disinterested, does not hold or represent any interest adverse to the estate herein and has no other connection with the Debtor, its respective attorneys and accountants, the United States Trustee or any person employed by the United States Trustee.

13.    The Clarkson Firm has reviewed the list of the Debtor's creditors.  Approximately two years ago, the Clarkson Firm ceased representing Sprint Communications-affiliated companies in various collection and preference matters unrelated to this case.  The Clarkson Firm no longer represents Sprint Communications-affiliated companies, and has not done so in at least two years.  The Clarkson Firm has represented no other creditors of the estate at any time.

14.    The Clarkson Firm has no interest materially adverse to the interests of the Debtor's estate, or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, the creditors, or any investment banker for any security of the Debtor, or for any reason.

**NOTICE**

15.    Pursuant to the Federal Rule of Bankruptcy Procedure 9034 and Guideline 2.1 of the United States Trustee Guideline for Region 16, this Application has been contemporaneously transmitted to the Office of the United States Trustee.

**CONCLUSION**

16.    The employment of Scott C. Clarkson, Eve A. Marsella, and other members, Associates and of Counsel of the Clarkson Firm as Debtor's Counsel is in the best interest of the estate.

///

///

///

///

1     **WHEREFORE**, the Debtor prays that the Court enter an order authorizing the Clarkson

2   Firm's employment as counsel to the Debtor in the above-referenced bankruptcy proceeding as

3   of March 12, 2010.

4
    Dated:  March 19, 2010
5

6                                          /s/Araksiya Nadjarian
                                           Araksiya Nadjarian
7                                          President and CEO, ConnectTo Communications, Inc.

8

9

10  Submitted by:

    /S/Scott C. Clarkson
11  Scott C. Clarkson
    CLARKSON, GORE & MARSELLA, APLC,
12  Proposed Counsel for ConnectTo Communications, Inc.
    Chapter 11 Debtor and Debtor in Possession
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF SCOTT C. CLARKSON

I, Scott C. Clarkson, declare:

1.      I am over eighteen years of age and have personal knowledge of the facts set forth herein, and if called as a witness, would testify competently with respect thereto from my own personal knowledge except as otherwise stated.  I am a member of Clarkson, Gore & Marsella, APLC ("CGM" or the "Clarkson Firm").   This declaration is submitted in support of the Application of Connect To Communications, Inc., Chapter 11 Debtor and Debtor in Possession to Employ CGM as Counsel (the "Application").

2.      CGM is a law firm which maintains offices at 3424 Carson Street, Suite 350, Torrance, CA 90503.  All attorneys comprising or associated with the Clarkson Firm who will render services in these cases are dully admitted to practice law in all of the courts of the State of California and in the United States District Courts for the Central, Southern, Northern and Eastern Districts of California.   A summary of the experience and qualifications of those members of the Clarkson Firm expected to render services to the Debtor is attached hereto as Exhibit "A".

3.      CGM has many years worth of experience representing debtors in possession, committees, single creditors, trustees, purchasers of assets, and other parties-in-interest in bankruptcy cases and adversary proceedings.

4.      Should CGM's employment as Debtor's counsel be approved, CGM would perform the following legal services on behalf of the Debtor as counsel;

a.      To assist and advise the Debtor relative to the administration of this Chapter 11 case;

b.      To attend meetings and negotiate with the representatives of the secured and unsecured creditors;

1          c.      To assist and advise the Debtor in its examination and analysis of the

2  conduct of the Debtor's affairs and the possible sale of their assets;

3          d.      To assist the Debtor in the development, review, analysis and negotiations

4  of any plan(s) of reorganization or liquidation that may be filed and to assist the Debtor in the

5  preparation, review, analysis and negotiation of the disclosure statement accompanying any such

6  plan(s);

7          e.      To assist the Debtor in the review, analysis, and negotiation of any

8  financing agreements;

9          f.      To take all necessary action to protect and preserve the interests of the

10  Debtor, including the prosecution of actions on its behalf, negotiations concerning all litigation

11  in which the Debtors is involved, and review and analyze all claims filed against the Debtor's

12  estate;

13          g.      To generally prepare on behalf of the Debtor all necessary motions,

14  applications, answers, orders, reports and papers in support of positions taken by the Debtor;

15          h.      To appear, as appropriate, before this Court, the Appellate Courts, and the

16  United States Trustee and to protect the interests of the Debtor before said Courts and the United

17  States Trustee; and

18          i.      To perform all other necessary legal services in these cases.

19      5.      Neither I nor any member, associate or of Counsel of CGM represents

20  professionally or is professionally associated with the Debtor (with the exception of this

21  representation),  the Debtor's affiliates, secured creditors, unsecured creditors, United States

22  Trustee or any person employed in the Office of the United States Trustee, with the exception of

23  Sprint Communications-related entitied in unrelated matters. Approximately two years ago, the

24  Clarkson Firm ceased representing Sprint Communications-affiliated companies in various

25  collection and preference matters unrelated to this case.  The Clarkson Firm no longer represents

26  Sprint Communications-affiliated companies, and has not done so in at least two years.  The

27  Clarkson Firm has represented no other creditors of the estate at any time.

28

6.    Based on the knowledge available to it as of the date of execution of this Declaration, CGM believes it is a "disinterested person" with no conflict of interest existing that would preclude representation of the Debtor in this case and that the retention of CGM would be in the best interests of the Debtor.

7.    Prior to the filing of this case, the Clarkson Firm received a pre-petition $60,000.00 engagement deposit from the Debtor.  Prior to the filing of the petition, $12,932.09 was drawn down from the Client Trust Account to satisfy all pre-petition amounts owed to the Clarkson Firm related to pre-petition filing activities and fees. Subject to the Court's approval, the Clarkson Firm intends to charge the Debtor's estate for its services in accordance with its typical billing practices.  A list of the guideline hourly rates for the members, associates and paralegals for the Clarkson Firm expected to render services on behalf of the Debtor is annexed as Exhibit "B" to the Clarkson Declaration.  Time for which fee charges apply includes, but is not limited to, telephone calls, correspondence, meetings, legal analysis and research, review and drafting of documents, interviewing of witnesses, discovery proceedings (such as depositions and interrogatories), pleadings, motions, court appearances, conferences and travel.  The Clarkson Firm will be entitled to reimbursement for any expenses incurred with respect to this matter.  These expenses and services include, but are not limited to, travel expense, long distance telephone charges, facsimile charges, postage, filing fees, messenger service, court reporter services, expert witness fees, filing or search services, document reproduction, document collation and binding, computer research time.

8.    No promise has been received by CGM or any member of the firm as to any alternative compensation in connection with this case.  CGM has no agreement with any other entity to share with such entity compensation received by the firm in connection with this case.

9.    CGM intends to apply to the Court periodically for approval and allowance of compensation for professional services rendered and reimbursement of disbursements made in connection with this case, pursuant to 11 U.S.C. §330.

10.    Subject to the Court's approval, the Clarkson Firm intends to charge the Debtor's estate for its services in accordance with its typical billing practices.

11.    CGM also routinely bills its clients for expenses actually incurred on behalf of the client such as telephone charges, photocopying charges, mail and express mail charges, facsimile charges, hand delivery and other delivery charges, travel expenses, and computer charges. Included in the attached Exhibit "B" are the rates charged for expenses incurred on behalf of CGM's clients.

I declare under penalty under the laws of the United States of America that the foregoing is true and correct.

Executed this 19th day of March, 2010, at Torrance, California.


/S/Scott C. Clarkson
SCOTT C. CLARKSON

EXHIBIT "A"

# EXHIBIT "A"

## BIOGRAPHIES OF MEMBERS AND OTHER ATTORNEYS ASSOCIATED WITH CLARKSON, GORE & MARSELLA, A PROFESSIONAL LAW CORPORATION, EXPECTED TO RENDER SERVICES TO THE DEBTOR

**SCOTT C. CLARKSON -** Born Houston, Texas, September 6, 1954. Admitted to California bar, 1989, District of Columbia bar 1986, Commonwealth of Virginia bar 1982.  Immediate Past Chair Los Angeles County Bar Association Commercial Law & Bankruptcy Section;  Former Chairman, Los Angeles County Bar Association Bankruptcy Committee; Member of the Court Advisory Board of the United States Bankruptcy Court for the Central District of California; Martindale Hubbell AV Rated.

**Author:** "Representing Creditors in Individual and Small Business Chapter 11 Cases", Personal and Small Business Bankruptcy Practice in California, California Continuing Education of the Bar (CEB), 2002 to 2007 editions.

**Author:** "More About the Bankruptcy Act of 1978", American Bar Association Journal, May 1979; "A Legislative History of the Bankruptcy Court System", Annual Survey of Bankruptcy Law, Emory University, 1979.

**Coauthor:** "Private Relief Legislation in the United States Congress", West Federal Practice Manual, 1980; "The New RCRA: Legislative Mandates, Regulatory Resources", Vol. 1, No. 6, Hazardous Substances Journal, April 1986.

**Editor:** "The Legislative History of Hazardous and Solid Waste Amendments of 1984", Institute for Law and Public Health Protection, November 1985; "The Legislative History of the Superfund Amendments of 1986", Institute of Law and Public Health Protection, April 1987.

**Education:** Indiana University (B.A. with Honors, 1979); George Mason University School of Law (J.D., 1982); Articles Editor, Law Review, 1982; Law Clerk to U.S.  District Judge William L. Hungate, Eastern Division of Missouri.

**Professional Affiliations:** Immediate Past Chair, Los Angeles County Bar Association Commercial Law and Bankruptcy Section;  Past Chair of the LACBA Bankruptcy Committee. Former Local Bankruptcy Rules Committee Chair, Legislative Committee Chair.  Los Angeles Bankruptcy Forum (Member of Board of Directors, 2002-2003); South Bay Bar Association, Financial Lawyers Conference; American Bar Association (Member, Business Bankruptcy Section Subcommittee on Legislation),  Member of Advisory Board to Norton's Annual Survey of Bankruptcy Law, 1979-81.
Legislative Director for U.S. Congressman Harold L. Volkmer, United States House of Representatives, assigned to House Judiciary Committee's redrafting of the Federal Bankruptcy Code, 1977-79.
Bankruptcy Trustee, the District of Columbia and Eastern Virginia, 1979-82.

**EVE A. MARSELLA -** Born September 24, 1966.  Admitted to California bar, 1993, U.S.

1   District Court, Central and Southern Districts of California.

2   **Education:** University of California at Los Angeles (B.A. English, 1989); Loyola Law School
3   (J.D. 1992).

4   **Professional Affiliations:** Los Angeles County Bar Association, South Bay Bar Association,
    American Bar Association, Phi Delta Phi Law Fraternity, South Bay American Inn of Court,
5   Financial Lawyers Conference, South Bay Women Lawyers Association (President, 2001).

6   **BARRY R. GORE -** Born Washington, D.C., April 10, 1960.  Admitted to California bar 1989;
7   United States Court of Appeals, Ninth Circuit, 1989; United States District Court, Northern,
    Central and Southern Districts.

8
    **Education:** Wharton School of Finance and Commerce, University of Pennsylvania (B.S.,
9   1982); Graduate School of Business Administration, University of Southern California (M.B.A.
    Dean's List, 1989); Loyola Law School (J.D., 1988).
10
    **Judicial Extern:** Federal Judicial Extern to the Honorable Barry J. Russell of the of the United
11  States Bankruptcy Court of the Central District of California (1988).

12
    **Judge Pro Tempore:** Municipal Court for the County of Los Angeles, State of California, South
13  Bay Judicial District, 1995.

14
    **Professional Affiliations:** State Bar of California; American Bar Association (Member,
15  Business Bankruptcy Committee and Subcommittee on Bankruptcy Aspects of Business
    Transactions); Los Angeles County Bar Association; South Bay Bar Association; Beverly Hills
16  Bar Association; Financial Lawyers Conference; Los Angeles World Affairs Council; Phi Alpha
    Delta; Wharton School and University of Pennsylvania Alumni Clubs (Member, Secondary
17  Schools Recruiting Committee).

18  **CHRISTINE FITZGERALD**.  Born October 11, 1982.  Admitted to the California Bar, 2008.

19
    **Education:**  The Pennsylvania State University (B.S. Chemical Engineering 2005); Loyola Law
20  School (J.D. 2008).

21  **Professional Affiliations:** Los Angeles County Bar Association; Financial Lawyers Conference;
22  Los Angeles Bankruptcy Forum, Phi Alpha Delta Law Fraternity; Delta Zeta Sorority (National
    Academics Committee).

23
    **LAURA BUCHANAN**.  Admitted to the California Bar, 1991, admitted to practice in the
24  Central District of California.  Primary Area of Law Practice is Corporate Insolvency and
    Reorganization
25
    Education: Stanford University (B.S. Electrical Engineering 1987); Boalt Hall School of Law,
26  University of California, Berkeley (J.D., 1991).

27

28

# EXHIBIT B

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## EXHIBIT "B"

**Principals**

| | | |
|---|---|---|
| Scott C. Clarkson | $425.00 | Principal |
| Eve A. Marsella | $400.00 | Principal |
| Barry R. Gore | $400.00 | Principal |

**Associates**

| | | |
|---|---|---|
| Christine Fitzgerald | $325.00 | Associate |

**Of Counsel**

| | | |
|---|---|---|
| Laura Buchanan | $395.00 | Of Counsel |

**Paralegals Expected to be Most Active**

| | | |
|---|---|---|
| Brenda Campos | $100.00 | Paralegal |
| Michelle Carpenter | $100.00 | Paralegal |

14    Application to Employ CGM

**Costs and Expenses**

| | |
|---|---|
| In-office photocopying | $.20/page |
| Postage | Cost |
| Mileage | $.58/mile |
| Secretarial/Clerical Overtime | $25.00/hour |
| Telephone charges | Cost |
| Telecopier | $1.00 per page, send only |
| AirFare | standard coach fare |

| In re:<br><br>ConnectTo Communications, Inc.<br><br>Debtor(s) and<br>Debtors in Possession | CHAPTER 11<br><br>CASE NUMBER: 2:10-bk-19227-VZ |
|---|---|

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

3424 Carson Street Suite 350
Torrance, CA 90503

A true and correct copy of the foregoing document described **APPLICATION OF CONNECTTO COMMUNICATIONS, INC. CHAPTER 11 DEBTOR AND DEBTOR IN POSSESSION TO EMPLOY CLARKSON, GORE & MARSELLA, APLC AS BANKRUPTCY COUNSEL; DECLARATION RE DISINTERESTEDNESS OF SCOTT C. CLARKSON, ESQ** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **March 19, 2010**  I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

**See Attached Service List**

☒                                                                          Service information continued on attached page

II.  **SERVED BY U.S. MAIL OR ~~OVERNIGHT MAIL~~**(indicate method for each person or entity served)**:**
On **March 19, 2010** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**See Attached Service List**

☒                                                                          Service information continued on attached page**.**

**SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on  I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐       Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| March 19, 2010 | Brenda L. Campos | _(signature)_ |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                          **F 9013-3.1**

| In re:<br><br>ConnectTo Communications, Inc. | CHAPTER 11 |
|---|---|
| | CASE NUMBER: 2:10-BK-19227-vz |
| Debtor(s) and<br>Debtors in Possession | |

## SERVED VIA NEF

### U.S Trustee
Dare law
Dare.law@usdj.gov

## SERVED VIA MAIL

### Judge
Vincent P. Zurzolo
255 E. Temple St Suite 1360
Los Angeles, CA 90012

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                    **F 9013-3.1**