SCOTT C. CLARKSON, ESQ. SBN 143271
EVE A. MARSELLA, ESQ. SBN 165797
CHRISTINE M. FITZGERALD, ESQ. SBN 259014
**CLARKSON, GORE & MARSELLA**
**A PROFESSIONAL LAW CORPORATION**
3424 Carson Street, Suite 350
Torrance, California 90503
(310) 542-0111 Telephone
(310) 214-7254 Facsimile

Attorneys for ConnectTo Communications, Inc.

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## LOS ANGELES DIVISION

| | |
|---|---|
| In Re<br><br>**ConnectTo Communications, Inc.**<br>          **a Nevada corporation,**<br><br>Debtor in Possession. | Case No. 2:10-bk-19227-VZ<br><br>Chapter 11<br><br>**NOTICE OF MOTION AND MOTION TO DISALLOW CLAIM OF CALIFORNIA PUBLIC UTILITIES COMMISSION(CLAIM NO. 23) MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION IN SUPPORT THEREOF**<br><br>Date: November 30, 2010<br>Time: 11:00 a.m.<br>Courtroom: 1368 |

**TO THE HONORABLE VINCENT P. ZURZOLO, UNITED STATES BANKRUPTCY JUDGE AND ALL INTERESTED PARTIES:**

**PLEASE TAKE NOTICE THAT** pursuant to §502 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy (the "Bankruptcy Rules"), and Local Bankruptcy Rule 3007-1, Chapter 11 Debtor and Debtor in Possession, ConnectTo Communications, Inc. ("Debtor") hereby files this objection (the "Objection") to the claims of the **California Public Utilities Commission, Claim No. 23** (the "Disputed Claim").

This notice ("Notice") contains important time-sensitive information about asserted

1  claims against the Debtor. Please read this Notice in its entirety. This Notice explains the

2  procedures for responding to this Objection and the consequences of failing to submit a timely

3  response to this Objection.

4        A complete copy of the Disputed Claim to which objection is made is attached hereto.

5  **PLEASE TAKE FURTHER NOTICE THAT** Local Bankruptcy Rule 9013-1, made

6  applicable to this Objection pursuant to Local Bankruptcy Rule 3007-1, requires that any

7  response to the Objection be filed with the Clerk of the Court, 255 E. Temple Street, Los

8  Angeles, California 90012, and served upon the attorneys for the Debtor at the address set forth

9  in the upper left-hand corner of the first page hereof, and all other interested parties, not later

10 than 14 days prior to the hearing date. The failure to timely file and serve written opposition

11 may be deemed by the Court to be consent to the granting of the relief requested in the

12 Objection.

13 Dated: October 29, 2010

    CLARKSON, GORE & MARSELLA
    A Professional Law Corporation

    By: /s/ Scott C. Clarkson
    Scott C. Clarkson
    Eve A. Marsella
    Christine M. Fitzgerald
    Attorneys for ConnectTo Communications, Inc.
    Debtor and Debtor in Possession

# MEMORANDUM OF POINTS AND AUTHORITIES

## OBJECTION

### I.

### PREFATORY STATEMENT

The Debtor objects to the claim filed by the California Public Utilities Commission ("CPUC"), Claim No. 23. The Debtor believes the Claimant's calculation of the Debtor's USF[1] payments are incorrect and Solix's data[2] for the number of approved Lifeline customers, which is used by CPUC in calculation of its claim, is incorrect.

### II.

### CLAIM OBJECTION[3]

The Debtor hereby objects to the claim filed on October 6, 2010, by CPUC, in the amount of $561,663, with $402,939 unsecured and $158,724 secured [See Proof of Claim No. 23 attached hereto]. The Debtor objects to this claim because its books and records reflect that nothing is owed to this claimant. The Debtor reviewed its books and records and the CPUC's claim, and determined that the Debtor was not overpaid from November 2007 to June 2009, as asserted by the CPUC in its proof of claim. Debtor's books and records reflect that all of the Debtor's customer's were approved by Solix from November 2007 to April 2008 and thus the appropriate amounts were paid by the CPUC.

Debtor also objects to CPUC's classification of $158,724 of its claim as a secured claim. Nothing in the Debtor's books and records reflects that the CPUC's claim is secured and the Disputed Claim fails to identify the security for its claim.

Further, Debtor's books and records reflect that if any claim is owed to the CPUC (which it does not believe to be the case) that it is subject to a setoff. Debtor's books and records indicate that the CPUC owes Debtor for claims submitted from July 2009 to March 12, 2010 in the amount of $686,977.74. Debtor is a telecommunications company that primarily provides

---

[1] The Debtor's claim from the CPUC is reduced by reimbursements received from USF.
[2] The CPUC relies on Solix's data to calculate the Debtor's reimbursement from the CPUC.
[3] See, also, Section IV – Argument, commencing at page 4, for the legal argument applicable to the objections.

1  service to low income customers. Debtor is reimbursed for its services to its low income
2  costumers from federal government (USAC) and state government (CPUC). General Order 153
3  sets forth the procedures for administration of funds distributed by the CPUC.
4      Pursuant to General Order 153, Debtor should be reimbursed by CPUC implementation
5  costs in the amount of $218,299.50. The Implementation cost was due to the CPUC mandated
6  major program changes in the California LifeLine program that required extensive billing and
7  account software changes in addition to the changes in tariff and training of personnel.
8  Claimant's obligation to Debtor is reduced in the amount of $51,787.75 because of the
9  conversion price difference between the amount charged by the Debtor that was reimbursed by
10 the CPUC and the allowable amount reimbursable under General 153 in the amount of
11 $51,787.75. Pursuant to General Order 153, Claimant's obligation to the Debtor is further
12 reduced by subtracting the amount of funds the Debtor received from the federal government
13 (USF) in the amount of $92,132.00. Therefore, the total amount owed to the Debtor from
14 Claimant, which would setoff any debt owed by Debtor to Claimant (if any), is $761,357.49
15 ($686,977.74 for claims submitted to the CPUC, plus $218,299.50 for implementation costs,
16 minus $51,787.75 for the conversion price difference, minus $92,132.00 for funds received from
17 USF equals $761,357.49). Attached hereto as **Exhibit "A"** is a true and correct copy of the
18 Debtor's calculations in determining the amount owed to Debtor from CPUC.[4]
19     Accordingly, the Debtor objects to Claim No. 23, in the amount of $561,663 and
20 proposes that it be disallowed in its entirety because Debtor was not overpaid funds and any
21 claim the CPUC has against the Debtor, if any, is setoff against the funds owed to the Debtor by
22 the CPUC.
23 ///
24 ///
25 ///
26

---

[4] The Debtor provides the spreadsheet as a summary of its calculations based on its books and records. The Debtor does not provide all the supporting documentation for its reimbursement calculation because it is too voluminous.

# III.

# FACTS[5]

ConnectTo Communications, Chapter 11 Debtor and Debtor in Possession ("Debtor") filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") on March 12, 2010. Allowed claims in this bankruptcy case presently include certain claims listed on the Debtor's Schedules (the "Schedules") (not listed as unliquidated, disputed, or contingent) and claims reflected by proofs of claim filed by claim holders under §501 of the Bankruptcy Code (the "Claims"). The Debtor has reviewed the Schedules, as well as each claim filed against the Debtor's estate and has reconciled the Schedules and Claims to the Debtor's books and records.

# IV.

# ARGUMENT

A. THE DEBTOR IS A PROPER PARTY TO OBJECT TO CLAIMS

Pursuant to §502 of the Bankruptcy Code, the allowance or disallowance of claims must be determined by the Court after an objection is made. Section 502 of the Bankruptcy Code provides, in relevant part:

> (a) A claim ... proof of which is filed under [11 U.S.C. §501] is deemed allowed, unless a party in interest ... objects.

11 U.S.C. §502. The Debtor not only may bring objections as a party in interest, but is the party upon which devolves the duty to bring objections.

A. THE COURT MUST DETERMINE THE ALLOWABLE AMOUNT OF A CLAIM SUBJECT TO OBJECTION.

With certain exceptions, §502(b) of the Bankruptcy Code requires that:

> ...if such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim ... as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that --
>
> (1)    such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because s

---

[5]The information set forth in this section is supported by the annexed declaration of Araksiya Nadjarian ("Nadjarian Declaration").

such claim is contingent or unmatured ... or

(9) proof of such claim is not timely filed ...

11 U.S.C. §502(b)(1) & (9). As set forth herein and in the attached Nadjarian Declaration, the Disputed Claim to which the Debtor has objected should be disallowed based on the foregoing provisions.

B. THE CLAIMANT MUST ESTABLISH THE VALIDITY OF THE CLAIM BY A PREPONDERANCE OF THE EVIDENCE

A properly filed proof of claim is prima facie evidence of the validity and amount of the claim. If objection is made to the proof of claim, the creditor has the ultimate burden of persuasion as to the validity and amount of the claims. *In re Hold,* 931 F.2d 620, 623 (9th Cir. 1991); *see also In re Pugh,* 157 B.R. 898, 901 (Bankr. 9th Cir. 1993); *In re Fidelity Mortgage Holding Company, Ltd.,* 837 F.2d 696, 698 (5th Cir. 1988) (affirming disallowance of claim -- "the claimant must ... 'prove the validity of the claim by a preponderance of the evidence.' The ultimate burden of proof always rests upon the claimant.").

Usually, the objector must produce evidence sufficient to:

> negate the prima facie validity of the filed claim. In practice, the objector must produce evidence, which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency.

*Consolidated Pioneer,* 178 B.R. at 226.

But, since "the ultimate burden of persuasion is always on the claimant", the burden of proof then "reverts to the claimant to prove the validity of the claim by a preponderance of the evidence." *Id.; In re Pugh,* 157 B.R. 898 (9th Cir.BAP 1993); *In re Holm,* 931 F.2d 620 (9th Cir. 1991).

The Debtor has submitted evidence, the Nadjarian Declaration, to negate the prima facie validity of the Disputed Claim. Thus, the burden is on the holder of the Disputed Claim to provide admissible evidence proving the validity of its claim.

As set forth above, the Debtor's books and records indicate that the Debtor does not owe the Claimant any prepetition amount. The Debtor's books and records reflect that any claim held

by the CPUC is subject to a setoff in the amount of $761,357.49. Therefore, the Debtor objects to the Disputed Claim of the California Public Utilities Commission, Claim No. 23, in the amount of $561,663 and proposes that it disallowed in its entirety.

## V.

## **CONCLUSION**

For all of the foregoing reasons, the Debtor respectfully requests that the Court enter an order disallowing Claim No. 23, attached hereto, in its entirety.

Dated: October 29, 2010

CLARKSON, GORE & MARSELLA
A Professional Law Corporation

By: /s/
Scott C. Clarkson
Eve A. Marsella
Christine M. Fitzgerald
Attorneys for ConnectTo Communications, Inc.
Debtor and Debtor in Possession

# DECLARATION OF ARAKSIYA NADJARIAN

I, Araksiya Nadjarian, declare as follows:

1. I am the President of ConnectTo Communications Inc., (the "Debtor"), the Debtor in the above-captioned proceeding. I have personal knowledge of the following, or have gained such knowledge from my review of the records of the Debtor, which are obtained, created and maintained in the ordinary course of business, and if called as a witness, could and would competently testify thereto.

2. The Debtor filed a Chapter 11 petition on March 12, 2010.

3. Debtor is a telecommunications company that primarily provides service to low income customers. Debtor is reimbursed for its services to its low income costumers from federal government (USAC) and state government (CPUC). General Order 153 sets forth the procedures for administration of funds distributed by the CPUC.

4. I am personally familiar with the books and records of the Debtor as they relate to the Debtor's accounts payable as of the date of the filing of the Debtor's bankruptcy case (the "Accounts Payable Books"). The Accounts Payable Books were made by the employees of the Debtor who had a business duty to enter the records of the Debtor accurately at or near the time of the event which they record such information, by or from information transmitted by someone with personal knowledge of the event or act. To the extent that information contained in the Debtor's books and records was computer-generated, the computers used by the Debtor were generally accepted in the Debtor's industry, were in good working order at all relevant times, and the computer operator possessed the knowledge and training to operate the computer correctly.

5. I directed the excel spreadsheet attached hereto as **Exhibit "A"** to be created based upon the review of the Debtor's Schedules, books and records. **Exhibit "A"** that sets forth all claims submitted by the Debtor to the CPUC that were not paid from July 2009 to March 12, 2010. The Debtor's books and records reflect the CPUC owes the Debtor for an implementation claim in the amount of $218,299.50. I reviewed the Debtor's books and records and calculated the difference between the conversion charge reimbursed by the CPUC and the allowable charge

reimbursed under General Order 153 from November 2007 to June 2009. I reviewed the Debtors books and records and calculated the total funds received from USF from December 2008 to June 2009. I reviewed the Debtor's books and records and found no basis for security interest of the CPUC claim.

6. The Debtor hereby objects to the claim filed on October 6, 2010, by CPUC, in the amount of $561,663, with $402,939 unsecured and $158,724 secured [See Proof of Claim No. 23 attached hereto]. The Debtor objects to this claim because its books and records reflect that nothing is owed to this claimant. The Debtor reviewed its books and records and the CPUC's claim, and determined that the Debtor was not overpaid from November 2007 to June 2009, as asserted by the CPUC in its proof of claim. Debtor's books and records reflect that all of the Debtor's customer's were approved by Solix from November 2007 to April 2008 and thus the appropriate amounts were paid by the CPUC.

7. Debtor also objects to CPUC's classification of $158,724 of its claim as a secured claim. Nothing in the Debtor's books and records reflects that the CPUC's claim is secured and the Disputed Claim fails to identify the security for its claim.

8. Further, Debtor's books and records reflect that if any claim is owed to the CPUC (which it does not believe to be the case) that it is subject to a setoff. Debtor's books and records indicate that the CPUC owes Debtor for claims submitted from July 2009 to March 12, 2010 in the amount of $686,977.74. Debtor is a telecommunications company that primarily provides service to low income customers. Debtor is reimbursed for its services to its low income costumers from federal government (USAC) and state government (CPUC). General Order 153 sets forth the procedures for administration of funds distributed by the CPUC.

9. Pursuant to General Order 153, Debtor should be reimbursed by CPUC implementation costs in the amount of $218,299.50. The Implementation cost was due to the CPUC mandated major program changes in the California LifeLine program that required extensive billing and account software changes in addition to the changes in tariff and training of personnel. Claimant's obligation to Debtor is reduced in the amount of $51,787.75 because of the

1 | conversion price difference between the amount charged by the Debtor that was reimbursed by
2 | the CPUC and the allowable amount reimbursable under General 153 in the amount of
3 | $51,787.75. Pursuant to General Order 153, Claimant's obligation to the Debtor is further
4 | reduced by subtracting the amount of funds the Debtor received from the federal government
5 | (USF) in the amount of $92,132.00. Therefore, the total amount owed to the Debtor from
6 | Claimant, which would setoff any debt owed by Debtor to Claimant (if any), is $761,357.49
7 | ($686,977.74 for claims submitted to the CPUC, plus $218,299.50 for implementation costs,
8 | minus $51,787.75 for the conversion price difference, minus $92,132.00 for funds received from
9 | USF equals $761,357.49). Attached hereto as **Exhibit "A"** is a true and correct copy of the
10 | Debtor's calculations in determining the amount owed to Debtor from CPUC.[6]

11 |     10. Accordingly, the Debtor objects to Claim No. 23, in the amount of $561,663 and
12 | proposes that it be disallowed in its entirety because Debtor was not overpaid funds and any
13 | claim the CPUC has against the Debtor, if any, is setoff against the funds owed to the Debtor by
14 | the CPUC.

15 |     11. Accordingly, the Debtor objects to Claim No. 23, in the amount of $561,663 and
16 | proposes that it be disallowed in its entirety because Debtor was not overpaid funds and any
17 | claim the CPUC has against the Debtor is setoff against the funds owed to the Debtor by the
18 | CPUC.

19 |     I declare under penalty of perjury under the laws of the United States of America that the
20 | foregoing is true and correct and that this Declaration is executed on October 29, 2010, at
21 | Glendale, California.

/s/Araksiya Nadjarian
Araksiya Nadjarian

---

[6] The Debtor provides the spreadsheet as a summary of its calculations based on its books and records. The Debtor does not provide all the supporting documentation for its reimbursement calculation because it is too voluminous.

| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| Scott C. Clarkson, Esq. (SBN 143271)<br>Clarkson, Gore & Marsella, APLC<br>3424 Carson Street, St 350<br>Torrance, CA 90503<br><br>☒ *Attorney for:* ConnectTo Communications, Inc. | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| In re: ConnectTo Communications, Inc. | CASE NO.: 2:10-bk-19227-VZ |
|---|---|
| | CHAPTER: 11 |
| Debtor(s). | ADV. NO.: |

## ELECTRONIC FILING DECLARATION
### (CORPORATION/PARTNERSHIP)

☐ Petition, statement of affairs, schedules or lists       Date Filed: _____
☐ Amendments to the petition, statement of affairs, schedules or lists       Date Filed: _____
☒ Other: Notice of Motion & Motion to Disallow       Date Filed: 10/29/10
Claim of California Public Utilities Commission Claim No. 23

### PART I - DECLARATION OF AUTHORIZED SIGNATORY OF DEBTOR OR OTHER PARTY

I, the undersigned, hereby declare under penalty of perjury that: (1) I have been authorized by the Debtor or other party on whose behalf the above-referenced document is being filed (Filing Party) to sign and to file, on behalf of the Filing Party, the above-referenced document being filed electronically (Filed Document); (2) I have read and understand the Filed Document; (3) the information provided in the Filed Document is true, correct and complete; (4) the "/s/," followed by my name, on the signature lines for the Filing Party in the Filed Document serves as my signature on behalf of the Filing Party and denotes the making of such declarations, requests, statements, verifications and certifications by me and by the Filing Party to the same extent and effect as my actual signature on such signature lines; (5) I have actually signed a true and correct hard copy of the Filed Document in such places on behalf of the Filing Party and provided the executed hard copy of the Filed Document to the Filing Party's attorney; and (6) I, on behalf of the Filing Party, have authorized the Filing Party's attorney to file the electronic version of the Filed Document and this *Declaration* with the United States Bankruptcy Court for the Central District of California.

_____       10-28-10
*Signature of Authorized Signatory of Filing Party*       Date

Araksiya Nadjarian
*Printed Name of Authorized Signatory of Filing Party*

President
*Title of Authorized Signatory of Filing Party*

### PART II - DECLARATION OF ATTORNEY FOR FILING PARTY

I, the undersigned Attorney for the Filing Party, hereby declare under penalty of perjury that: (1) the "/s/," followed by my name, on the signature lines for the Attorney for the Filing Party in the Filed Document serves as my signature and denotes the making of such declarations, requests, statements, verifications and certifications to the same extent and effect as my actual signature on such signature lines; (2) an authorized signatory of the Filing Party signed the *Declaration of Authorized Signatory of Debtor or Other Party* before I electronically submitted the Filed Document for filing with the United States Bankruptcy Court for the Central District of California; (3) I have actually signed a true and correct hard copy of the Filed Document in the locations that are indicated by "/s/," followed by my name, and have obtained the signature of the authorized signatory of the Filing Party in the locations that are indicated by "/s/," followed by the name of the Filing Party's authorized signatory, on the true and correct hard copy of the Filed Document; (4) I shall maintain the executed originals of this *Declaration*, the *Declaration of Authorized Signatory of Debtor or Other Party*, and the Filed Document for a period of five years after the closing of the case in which they are filed; and (5) I shall make the executed originals of this *Declaration*, the *Declaration of Authorized Signatory of Debtor or Other Party*, and the Filed Document available for review upon request of the Court or other parties.

_____       10-29-10
*Signature of Attorney for Filing Party*       Date

Christine M. Fitzgerald, Esq.
*Printed Name of Attorney for Filing Party*

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.
*November 2006*

EXHIBIT "A"

**ConnectTo Monthly Pre-Petition Claims:**

| Period | Amount | |
|---|---|---|
| Jul-09 | $82,273.27 | |
| Aug-09 | $81,774.37 | |
| Sep-09 | $79,146.30 | |
| Oct-09 | $78,915.20 | |
| Nov-09 | $78,425.35 | |
| Dec-09 | $79,803.09 | |
| Jan-10 | $88,944.35 | |
| Feb-10 | $82,555.14 | |
| Mar-10 | $35,140.66 | *Prorated amount from $87851.66 total March 2010 claim |
| **Total Monthly Claims** | **$686,977.74** | |
| Implementation Claim | $218,299.50 | |
| **Total Claims:** | **$905,277.24** | |

**Calculated Conversion Charge Price Difference:**

| Claim Month | Conversions Charged | Total Conversion Amount Charge | Allowable Charge | Total Refund For Conversion Price difference |
|---|---|---|---|---|
| 2007-11 | 0 | $0.00 | $0.00 | $0.00 |
| 2007-12 | 12 | $360.00 | $57.00 | $303.00 |
| 2008-01 | 8 | $240.00 | $38.00 | $202.00 |
| 2008-02 | 83 | $2,490.00 | $394.25 | $2,095.75 |
| 2008-03 | 97 | $2,910.00 | $460.75 | $2,449.25 |
| 2008-04 | 78 | $2,340.00 | $370.50 | $1,969.50 |
| 2008-05 | 71 | $2,130.00 | $337.25 | $1,792.75 |
| 2008-06 | 64 | $1,920.00 | $304.00 | $1,616.00 |
| 2008-07 | 67 | $2,010.00 | $318.25 | $1,691.75 |
| 2008-08 | 48 | $1,440.00 | $228.00 | $1,212.00 |
| 2008-09 | 37 | $1,110.00 | $175.75 | $934.25 |
| 2008-10 | 76 | $2,280.00 | $361.00 | $1,919.00 |
| 2008-11 | 148 | $4,440.00 | $703.00 | $3,737.00 |
| 2008-12 | 182 | $5,460.00 | $864.50 | $4,595.50 |
| 2009-01 | 204 | $6,120.00 | $969.00 | $5,151.00 |
| 2009-02 | 196 | $5,880.00 | $931.00 | $4,949.00 |
| 2009-03 | 216 | $6,480.00 | $1,026.00 | $5,454.00 |
| 2009-04 | 173 | $5,190.00 | $821.75 | $4,368.25 |
| 2009-05 | 249 | $7,470.00 | $1,182.75 | $6,287.25 |
| 2009-06 | 42 | $1,260.00 | $199.50 | $1,060.50 |
| Total | 2051 | $61,530.00 | $9,742.25 | $51,787.75 |

**Amount Paid Back to Fund for USF:**

| Claim Form Month | Claimed to CPUC | | Claim To USAC | |
|---|---|---|---|---|
| | Tier 1 | | Tier 2 | Tier 3 |
| Feb-08 | $8,572.00 | | | |
| Jan-09 | $13,222.00 | | $5,369.00 | $5,369.00 |
| Feb-09 | $0.00 | | $5,451.00 | $5,451.00 |
| Mar-09 | $0.00 | | $5,756.00 | $5,756.00 |
| Apr-09 | $0.00 | | $6,120.00 | $6,120.00 |
| May-09 | $0.00 | | $6,183.00 | $6,183.00 |
| Jun-09 | $0.00 | | $6,290.00 | $6,290.00 |
| **Totals** | $21,794.00 | | $35,169.00 | $35,169.00 |

**Total Double Deep Amoutn to return**      **$92,132.00**

| | |
|---|---|
| **Total Pre-Petition Claims** | $905,277.24 |
| **Total Conversion Charge Price Difference** | -$51,787.75 |
| **Total Refunded to Fund for USF** | -$92,132.00 |
| **Grand Total Pre-Petition Due to ConnectTo** | $761,357.49 |

# POC NO. 23

B10 (Official Form 10) (04/10) - Page 1

| UNITED STATES BANKRUPTCY COURT    CENTRAL DISTRICT OF CALIFORNIA | PROOF OF CLAIM |
|---|---|
| Name of Debtor: CONNECT TO COMMUNICATIONS | Case Number: 10-19227-VZ |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C § 503.

Name of Creditor (the person or other entity to whom the debtor owes money or property):
CALIFORNIA PUBLIC UTILITIES COMMISSION

☐ Check this box to indicate that this claim amends a previously filed claim.

Name and address where notices should be sent:
CALIFORNIA PUBLIC UTILITIES COMMISSION
505 VAN NESS AVENUE
SAN FRANCISCO, CALIFORNIA 94102

Court Claim Number: _____ (If known)

Filed on: _____

Telephone number: (415) 703-2049

Name and address where payment should be sent (if different from above):

FILED
OCT 06 2010
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
Deputy Clerk

Telephone number:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

1. **Amount of Claim as of Date Case Filed:** $ 561,663

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

2. **Basis for Claim:** SEE ATTACHMENT
(See instruction #2 on reverse side.)

3. **Last four digits of any number by which creditor identifies debtor:** _____

   3a. Debtor may have scheduled account as: _____
   (See instruction #3a on reverse side.)

4. **Secured Claim** (See instruction #4 on reverse side.)
   Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

   Nature of property or right of setoff:  ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
   Describe:

   Value of Property: $_____    Annual Interest Rate _____%

   Amount of arrearage and other charges as of time case filed included in secured claim,
   if any: $_____    Basis for perfection: _____

   Amount of Secured Claim: $ 158,724   Amount Unsecured: $ 402,939

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

   Specify the priority of the claim.

   ☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

   ☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

   ☐ Contributions to an employee benefit plan – 11 U.S.C §507 (a)(5).

   ☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

   ☐ Taxes or penalties owed to governmental units – 11 U.S.C §507 (a)(8).

   ☐ Other – Specify applicable paragraph of 11 U.S.C §507 (a)(___).

   Amount entitled to priority:

   $_____

   *Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

6. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

7. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See instruction 7 and definition of "redacted" on reverse side.)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

Date: 10/4/10

Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

*[signed]* Peter G. Fairchild

PETER G. FAIRCHILD
ATTORNEY FOR CALIFORNIA PUBLIC UTILITIES COMMISSION

FOR COURT USE ONLY

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C §§ 152 and 3571

ATTACHMENT

## Overpayment of Claims (from Nov 2007 to June 2009)

| A | B | C | D | E | F |
|---|---|---|---|---|---|
| Period | ConnectTo's LifeLine Customer Count | Solix Approved LifeLine Customer Count [1] | Monthly Claim Paid to ConnectTo ($) | CPUC Adjusted Claim Amount Based on Solix Customer Data [2] ($) | Monthly Overpayment ($) (D - E) |
| 11-2007 | 1,244 | 0 | 48,816 | 0 | 48,816 |
| 12-2007 | 1,345 | 0 | 20,744 | 0 | 20,744 |
| 01-2008 | 1,494 | 0 | 22,914 | 0 | 22,914 |
| 02-2008 | 1,645 | 0 | 27,237 | 0 | 27,237 |
| 03-2008 | 1,733 | 0 | 21,880 | 0 | 21,880 |
| 04-2008 | 1,889 | 0 | 31,002 | 0 | 31,002 |
| 05-2008 | 2,031 | 148 | 31,530 | 7,396 | 24,134 |
| 06-2008 | 2,493 | 918 | 71,855 | 42,275 | 29,580 |
| 07-2008 | 2,523 | 1,154 | 63,835 | 28,186 | 35,649 |
| 08-2008 | 2,576 | 1,454 | 56,785 | 20,628 | 36,157 |
| 09-2008 | 2,639 | 1,618 | 47,566 | 22,668 | 24,898 |
| 10-2008 | 2,677 | 1,784 | 40,407 | 23,526 | 16,881 |
| 11-2008 | 2,923 | 1,931 | 48,563 | 26,177 | 22,386 |
| 12-2008 | 2,923 | 2,166 | 51,198 | 35,753 | 15,445 |
| 01-2009 | 3,005 | 2,326 | 44,441 | 42,536 | 1,905 |
| 02-2009 | 3,066 | 2,524 | 46,320 | 47,754 | -1,433 |
| 03-2009 | 3,289 | 2,740 | 48,270 | 50,541 | -2,271 |
| 04-2009 | 3,497 | 2,971 | 51,921 | 45,497 | 6,425 |
| 05-2009 | 3,556 | 2,979 | 53,139 | 47,773 | 5,366 |
| 06-2009 | 5,599 | 3,092 | 54,776 | 47,960 | 6,817 |
| Total |  |  | 883,198 | 488,668 | 394,530 |

| Federal Universal Service Fund (USF) Tiers 1, 2 and 3 Lifeline Payment Received by ConnectTo from 12-2008 to 6-2009 [3] | | |
|---|---|---|
| Dec 2008 Payment | $8,572 | |
| Jan-Jun 2009 Payment | $158,561 | |
| Total USF Payment Due to LifeLine Fund | $167,133 | $167,133 |

| Total Overpayments to ConnectTo [4] | $561,663 |
|---|---|

**Note:**
(1) Data from Solix monthly invoices and information is available on the CPUC web site.
(2) Calculations include flat rate subsidy, surcharges, fees & taxes, and cost factor.
(3) Figures obtained from USAC LI05 Report. Amount represents payment received from USF that ConnectTo failed to deduct from its monthly claims as required by General Order 153.
(4) Figure represents $394,530 monthly overpayment received by ConnectTo and $167,133 USF payment received by ConnectTo.

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
3424 Carson Street Suite 350
Torrance, CA 90503

A true and correct copy of the foregoing document described as **NOTICE OF MOTION AND MOTION TO DISALLOW CLAIM OF CALIFORNIA PUBLIC UTILITIES COMMISSION (CLAIM NO. 23); MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION IN SUPPORT THEREOF; NOTICE OF ELECTRONIC FILING** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **October 29, 2010**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

**See attached service list**

☒ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On **October 29, 2010,** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**See attached service list**

☒ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| October 29, 2010 | Brenda L. Campos | /s/ Brenda L. Campos |
|---|---|---|
| Date | Type Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010                                             **F 9013-3.1.PROOF.SERVICE**

# SERVICE LIST

## SECTION I

### SERVED VIA NEF

#### COUNSEL FOR WILSHIRE STATE BANK
John H Choi    johnchoi@kpcylaw.com

#### US TRUSTEE
United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
Dare Law    dare.law@usdoj.gov

#### OTHERS RECEIVING NEF
Edward J. Miller    emiller@dfflaw.com
Daviad Tabibian    david.tabibian@pillsburylaw.com

#### COUNSEL FOR DEBTOR
Scott C Clarkson    sclarkson@lawcgm.com
Christine M Fitzgerald    cfitzgerald@lawcgm.com
Eve A Marsella    emarsella@lawcgm.com

#### COUNSEL FOR AT&T
Mark D Houle    mark.houle@pillsburylaw.com

## SECTION II

### Served via US Mail

#### JUDGE
Vincent P. Zurzolo
255 E. Temple St. Suite 1360
Los Angeles, CA 90012

#### DEBTOR
ConnectTo Communications, LLC
555 Riverdale, Suite A
Glendale, CA 91204

#### CLAIM NO. 23
California Public Utilities Commission
505 Van Ness Ave.
San Francisco, CA 94102

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010    F 9013-3.1.PROOF.SERVICE