Barry R. Gore, Esq. (SBN 143278)
Christine M. Fitzgerald, Esq. (SBN 259014)
Smith | Campbell | Clifford | Kearney | Gore
A Professional Law Corporation
3424 Carson Street, Suite 350
Torrance, California 90503
Telephone: (310) 542-0111
Facsimile: (310) 214-7254

Counsel for ConnectTo Communications, Inc.
Chapter 11 Debtor and Debtor in Possession

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>**CONNECTTO COMMUNICATIONS, INC.,**<br><br>Debtor and Debtor in Possession. | Case No. 2:10-bk-19227-VZ<br><br>Chapter 11<br><br>**REPLY TO OBJECTION OF CREDITOR PACIFIC BELL TELEPHONE COMPANY TO DEBTOR'S DISCLOSURE STATEMENT AND PLAN OF REORGANIZATION**<br><br><u>Disclosure Statement Hearing</u><br>Date: May 26, 2011<br>Time: 1:30 p.m.<br>Place: Courtroom 1368<br>255 E. Temple Street<br>Los Angeles, CA 90012 |

ConnectTo Communications, Inc., Chapter 11 Debtor and Debtor in Possession (the "Debtor"), hereby files this Reply (the "Reply") to the Objection of Creditor Pacific Bell Telephone Company to Debtor's Disclosure Statement Plan of Reorganization (the "Objection"), filed by Pacific Bell Telephone Company dba AT&T California ("AT&T").

///

///

-1-

## I. Introduction

AT&T objects to the Debtor's Disclosure Statement (the "DS") based on the following: (1) the DS does not provide for a "prompt" cure for the Debtor to assume all of its contracts with AT&T; (2) the DS does not provide for adequate assurances of future performance; (3) the DS does not reflect the correct amount of AT&T's allowed claim because it reduces AT&T's claim by the setoff AT&T holds; and (4) the DS does not describe the start date for payments to AT&T.

In response the Debtor proposes to amend its DS and submit a First Amended DS to the Court which will: (1) provide for a prompt cure of all contracts that the Debtor will assume; (2) amend the amount owed to AT&T and the cure amount to not include the setoff amount; and (3) amend the start date of payments to AT&T to reflect payments to start on the Effective Date. The Debtor would like to note that it and AT&T are currently in settlement negotiations with AT&T under the plan, and believe that the parties will reach a mutually agreeable resolution of AT&T's treatment under the Plan.

## II. FACTS

The Debtor and AT&T have 3 contracts which govern the services provided by AT&T to the Debtor: (1) the LWC or Local Wholesale Complete which provides the Debtor the right to resell AT&T services; (2) the Resale Contract which provides the Debtor the right purchase AT&T products (i.e. call waiting, three way calling, etc.) at a discount and to resell these products to the Debtor's customers for the same price AT&T would charge the customer; and (3) the UNB contract via which the Debtor leases the wire that runs from AT&T's central office to the customer's premises. The UNB contract sets forth different rates the Debtor is charged to process a customer (mechanized v. non-mechanized). The Debtor has numerous accounts with AT&T under the three (3) contracts and the amounts that the Debtor believes are attributed to each account under each contract, not including the setoff are attached hereto as Exhibit "A."[1]

---

[1] For reference purposes the Debtor has included two (2) different columns: the first reflects the pre-petition claim owed to AT&T without any setoff; and the second reflects the pre-petition claim owed to AT&T with an even distribution of the setoff on all accounts. The Debtor is operating under the assumption that the setoff would be applied evenly to all accounts. If this is not the

### III. REVISIONS TO DS

Under the filed DS and Plan the Debtor was going to assume all three (3) contracts with AT&T. However under the First Amended DS the Debtor will only assume the UNB and Resale Contract with AT&T and reject the LWC agreement. The amount owed under the UNB and Resale agreements is $229,910.71 (See Exhibit "A"). The total amount owed under the LWC contract is $600,089.29 (See Exhibit "A"). The First Amended DS will propose to pay $155,000.00 to AT&T on the Effective Date and the remaining $74,910.71 within a year from the Effective Date (payments to be made monthly in the amount of $6,242.56/month). This will promptly cure the pre-petition amount owed to AT&T on the UNB and Resale Contracts and obviate the need for adequate assurance of future performance. The amended DS will provide AT&T with a general unsecured claim in the amount of $600,089.29 (Class 4). AT&T will be paid 15% of its unsecured claim monthly, with first payment on the Effective Date, and final payment on December 2017.

### IV. CONCLUSION

WHEREFORE, the Debtor respectfully requests that the Court allow the Debtor to file a First Amended DS to provide for the revisions set forth above, and set a continued hearing date for the First Amended DS.

DATED: May 19, 2011

SMITH CAMPBELL CLIFFORD KEARNEY GORE
A Professional Law Corporation

By: /s/ Christine M. Fitzgerald
Barry R. Gore
Christine M. Fitzgerald
Counsel for Chapter 11 Debtor and Debtor in Possession,
ConnectTo Communications, Inc.

---

case, the Debtor will amend the DS accordingly to reflect the correct application of AT&T's setoff.

### DECLARATION IN SUPPORT ARAKSIYA NADJARIAN

I, Araksiya Nadjarian, declare as follows:

1. I am the President of ConnectTo Communications, Inc., Chapter 11 Debtor and Debtor in Possession (the "Debtor"). The following is true and correct and is based upon my personal knowledge and knowledge that I have gained by reviewing the books and records of the Debtor which are maintained in the ordinary course of business. If called upon as a witness in this matter, I could and would competently testify thereto.

2. The Debtor and AT&T have 3 contracts which govern the services provided by AT&T to the Debtor: (1) the LWC or Local Wholesale Complete which provides the Debtor the right to resell AT&T services; (2) the Resale Contract which provides the Debtor the right purchase AT&T products (i.e. call waiting, three way calling, etc.) at a discount and to resell these products to the Debtor's customers for the same price AT&T would charge the customer; and (3) the UNB contract via which the Debtor leases the wire that runs from AT&T's central office to the customer's premises. The UNB contract sets forth different rates the Debtor is charged to process a customer (mechanized v. non-mechanized). The Debtor has numerous accounts with AT&T under the three (3) contracts and the amounts that the Debtor believes are attributed to each account under each contract, not including the setoff are attached hereto as Exhibit "A."[2]

3. I created the summary of the various accounts that the Debtor has with AT&T and uniformly applied the reduced allowed claim amount and setoff attached hereto as **Exhibit "A."**

I declare under penalty of perjury, under the law of the United States of America that the foregoing is true and correct.

---

[2] For reference purposes the Debtor has included two (2) different columns: the first reflects the pre-petition claim owed to AT&T without any setoff; and the second reflects the pre-petition claim owed to AT&T with an even distribution of the setoff on all accounts. The Debtor is operating under the assumption that the setoff would be applied evenly to all accounts. If this is not the case, the Debtor will amend the DS accordingly to reflect the correct application of AT&T's setoff.

-4-

2  Executed on this 19TH day of May 2011, at Glendale, California.

_____
Araksiya Nadjarian

EXHIBIT "A"

## Contracts/Accounts Debtor will Assume

| ConnectTo Communications Pre-Petition Claim Calculations | | Claim as of 11.30.09 | Claim from 11.30.09 to 03.12.10 | ATT Total Claim | Reduction of Stip Amount | Setoff |
|---|---|---|---|---|---|---|
| Type | Account Number | Amount | | | | |
| COL | 0730023580332 | $ 246.70 | | $ 253.97 | $ 253.97 | $ 220.19 | $ 202.95 |
| COL | 0730026370574 | $ 4,671.70 | $ 12,477.74 | $ 4,633.20 | $ 17,110.94 | $ 14,835.20 | $ 13,673.40 |
| COL | 0730026432688 | $ - | | $ - | $ - | $ - | $ - |
| COL | 0730026438569 | $ 1,239.91 | $ 19,684.09 | $ 1,100.77 | $ 20,784.86 | $ 18,020.49 | $ 16,609.24 |
| COL | 0730026440518 | $ 18,810.79 | $ 4,874.23 | $ 630.95 | $ 5,505.18 | $ 4,772.99 | $ 4,399.21 |
| COL | 0730026441556 | $ 1,317.12 | $ 17,989.58 | $ 1,173.02 | $ 19,162.60 | $ 16,613.99 | $ 15,312.89 |
| COL | 0730026442549 | $ 18,810.79 | $ 4,874.23 | $ 624.39 | $ 5,498.62 | $ 4,767.31 | $ 4,393.96 |
| COL | 0730026443532 | $ 18,810.79 | $ 4,874.23 | $ 631.65 | $ 5,505.88 | $ 4,773.60 | $ 4,399.77 |
| COL | 0730965146637 | $ - | | $ 1,141.25 | $ 1,141.25 | $ 989.46 | $ 911.98 |
| UNB | 2725308362013 | $ 33.88 | $ 125.88 | $ 16.79 | $ 142.67 | $ 123.69 | $ 114.01 |
| UNB | 2725648617929 | $ 667.38 | $ 449.65 | $ 260.64 | $ 710.29 | $ 615.82 | $ 567.59 |
| UNB | 3725308824795 | $ 117,685.23 | $ 78,590.22 | $ 49,987.81 | $ 128,578.03 | $ 111,477.23 | $ 102,747.09 |
| UNB | 3725308825772 | $ 7,887.78 | $ 4,965.24 | $ 3,640.09 | $ 8,605.33 | $ 7,460.83 | $ 6,876.54 |
| UNB | 3725308826300 | $ - | | | $ - | $ - | $ - |
| UNB | 3725308827166 | $ - | | | $ - | $ - | $ - |
| UNB | 3725308828928 | $ - | | | $ - | $ - | $ - |
| UNB | 3725308829555 | $ - | | | $ - | $ - | $ - |
| UNB | 3725648600081 | $ - | | | $ - | $ - | $ - |
| UNB | 3725648601642 | $ 3,636.58 | $ 2,190.85 | $ 1,765.90 | $ 3,956.75 | $ 3,430.50 | $ 3,161.85 |
| UNB | 3725648602282 | $ 12,590.53 | $ 8,413.32 | $ 5,240.84 | $ 13,654.16 | $ 11,838.17 | $ 10,911.08 |
| UNB | 3725648603046 | $ - | | | $ - | $ - | $ - |
| UNB | 3725648604865 | $ - | | | $ - | $ - | $ - |
| UNB | 3725648605812 | $ - | | | $ - | $ - | $ - |
| UNB | 3725648833077 | $ 313.72 | | | $ - | $ - | $ - |
| UNB | 3735648606068 | $ 8,146.90 | $ 6,622.51 | $ 3,608.15 | $ 10,230.66 | $ 8,869.99 | $ 8,175.35 |
| UNB | 3735648607691 | $ 1,593.52 | $ 1,058.82 | $ 666.03 | $ 1,724.85 | $ 1,495.45 | $ 1,378.33 |
| RSL | 0234280037555 6 | $ 15,145.45 | $ 6,941.82 | $ 13,909.01 | $ 20,850.83 | $ 18,077.68 | $ 16,661.96 |
| RSL | 0237280037555 3 | $ 1,331.47 | $ 501.06 | $ 1,261.48 | $ 1,762.54 | $ 1,528.12 | $ 1,408.45 |
| | | | | SUBTOTAL | $ 229,910.71 | $ 211,905.66 |

## ConnectTo Communications Pre-Petition Claim Calculations

### Contracts/Accounts Debtor will Reject

| Type | Account Number | Amount | Claim as of 11.30.09 | Claim from 11.30.09 to 03.12.10 | ATT Total Claim | Reduction of Stip Amount | Setoff |
|---|---|---|---|---|---|---|---|
| LWC | 2735308358276 | $ 23,454.14 | $ 11,858.43 | $ 14,574.04 | $ 26,432.47 | $ 22,916.97 | $ 21,122.27 |
| LWC | 2735308360277 | 1,319.23 | 735.44 | 1,201.42 | 1,936.86 | 1,679.26 | 1,547.75 |
| LWC | 3735308359972 | 471,114.09 | $ 253,183.22 | 271,312.35 | 524,495.57 | 454,737.99 | 419,125.97 |
| LWC | 3735308361920 | 62,842.81 | $ 34,726.28 | 35,471.00 | 70,197.28 | 60,861.09 | 56,094.86 |
| LWC | 3735308830619 | - | | - | - | - | - |
| LWC | 3735308831536 | - | | | | | |
| RXC | 065001609277797 | | 136.65 | 231.53 | 368.18 | 319.21 | 294.21 |
| RXC | 065141956311 2 6 | 28,378.57 | 45,024.90 | 23,688.75 | 68,713.65 | 59,574.78 | 54,909.28 |
| | | | | **SUBTOTAL** | $ 600,089.29 | $ 600,089.29 | $ 553,094.34 |

TOTAL $ 957,323.42    $ 830,000.00    $ 765,000.00

% Reduction from Stip    86.70%
% Reduction from Setoff    92.17%

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

3424 Carson St., Suite 350
Torrance, CA 90503

A true and correct copy of the foregoing document described as **REPLY TO OBJECTION OF CREDITOR PACIFIC BELL TELEPHONE COMPANY TO DEBTOR'S DISCLOSURE STATEMENT AND PLAN OF REORGANIZATION** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **May 19, 2011** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

**See attached service list**

☒ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On **May 19, 2011** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**See attached service list**

☒ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| May 19, 2011 | Brenda L. Campos | _/s/ Brenda Campos_ |
|---|---|---|
| Date | Type Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*    **F 9013-3.1.PROOF.SERVICE**

## SERVICE LIST

### SECTION I

**Served via NEF by the Court**

**Office of the US Trustee**
United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
Dare Law    dare.law@usdoj.gov

**Attorney for Creditor Universal Service Admin. Compnay**
Gina M Barbieri    gbarbieri@mirickoconnell.com
Christine E Devine    cdevine@mirickoconnell.com
Nada I Shamonki    nshamonki@mintz.com, docketing@mintz.com

**Attorney for Debtor**
Christine M Fitzgerald    cfitzgerald@scckg.com

**Attorney for Creditor AT&T**
Mark D Houle    mark.houle@pillsburylaw.com
David Tabibian    david.tabibian@pillsburylaw.com

**Attorney for Creditor Hi-Tech Gateway, Inc**
Sean Keshishyan    troxelllaw@dslextreme.com

**Attorney for Creditor Wells Fargo**
Edward J Miller    emiller@dfflaw.com

**Attorney for Creditor US Colo, LLC**
Mark Wray    mwray@markwraylaw.com

**Attorney for Wilshire State Bank**
John H Choi    johnchoi@kpcylaw.com

**Other interested party**
Eve A Marsella    emarsella@lawcgm.com

### SECTION II

**Served via Fed Ex Overnight**

**JUDGE**
Honorable Vincent P. Zurzolo
255 E. Temple St. Suite 1360
Los Angeles, CA 90012

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*    **F 9013-3.1.PROOF.SERVICE**

## SECTION II CONTINUED

### Served via US Mail

**DEBTOR**
ConnectTo Communications, LLC
555 Riverdale, Suite A
Glendale, CA 91204

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**F 9013-3.1.PROOF.SERVICE**