Barry R. Gore, Esq. (SBN 143278)
Christine M. Fitzgerald, Esq. (SBN 259014)
Smith | Campbell | Clifford | Kearney | Gore
A Professional Law Corporation
3424 Carson Street, Suite 350
Torrance, California 90503
Telephone: (310) 542-0111
Facsimile: (310) 214-7254

Counsel for ConnectTo Communications, Inc.
Chapter 11 Debtor and Debtor in Possession

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>CONNECTTO COMMUNICATIONS, INC.,<br><br>    Debtor and Debtor in Possession. | Case No. 2:10-bk-19227-VZ<br><br>Chapter 11<br><br>**REPLY TO LIMITED OBJECTION OF UNIVERSAL SERVICE ADMINISTRATIVE COMPANY TO MOTION OF THE DEBTOR FOR ORDER: (1) APPROVING DISCLOSURE STATEMENT DESCRIBING DEBTOR'S CHAPTER 11 PLAN; (2) ESTABLISHING PROCEDURES FOR THE SOLICITATION AND TABULATION OF VOTES TO ACCEPT OR REJECT THE PLAN; (3) FIXING A RECORDING DATE FOR VOTING; AND (4) FIXING DATE, TIME, AND PLACE FOR CONFIRMATION HEARING**<br><br><u>Disclosure Statement Hearing</u><br>Date:    May 26, 2011<br>Time:    1:30 p.m.<br>Place:    Courtroom 1368<br>           255 E. Temple Street<br>           Los Angeles, CA 90012 |

ConnectTo Communications, Inc., Chapter 11 Debtor and Debtor in Possession (the "Debtor"), hereby files this Reply (the "Reply") to the Limited Objection of Universal Service Administrative Company to Motion of the Debtor for order: (1) Approving Disclosure Statement Describing Debtor's Chapter 11 Plan; (2) Establishing Procedures for the Solicitation and Tabulation of Votes to Accept or Reject the Plan; (3) Fixing a Recording Date for Voting; and (4) Fixing Date, Time, and Place for Confirmation Hearing (the "Objection"), filed by Universal Service Administrative Co. ("USAC").

## I. Introduction

USAC's basis for its objection to the Debtor's Disclosure Statement (the "DS") stems from the following: (1) alleges the Debtor did not include the proper pre and post petition amounts owed to USAC; (2) Debtor did not describe how the pending appeal may affect the post petition amount owed to USAC; (3) Debtor's DS did not state what the Reorganized Debtor's post confirmation responsibilities and rights would be with respect to USAC.

The Debtor will amend its DS to reflect the amounts that USAC alleges is owed in a First Amended DS, but will note that these amounts will be subject to USAC filing an amended proof of claim and motion to allow administrative claim, and allowing the Debtor time to review and object to the claim if necessary. The Debtor will further amend its DS to: (1) describe how the outcome of the appeal may affect its post petition obligation to USAC; and (2) address the Reorganized Debtor's post confirmation responsibilities and rights with respect to USAC.

## II. FACTS

The Debtor's quarterly reports with USAC provide an estimate for the Debtor's anticipated revenue for that quarter. The Debtor's 2011 Annual Report reflects the Debtor's actual revenue for 2010. Pursuant to USAC's procedures, "True-Up" credits or adjustments are paid in three equal amounts in July, August and September of the subsequent year (in this case July, August and September 2011). On or around March 18, 2011 the Debtor filed the following reports its Quarterly reports for November 2010 and February 2011. On or around March 18, 2011 the Debtor timely filed its 2010 Annual Report with USAC. The Debtor was just informed of the

results of USAC's analysis of these reports through USAC's Objection. Further the USAC has informed the Debtor that is has not completed the 2010 Annual "True Up" so the pre petition amount USAC will be subject to further change.

On or around July 30, 2010, USAC performed an audit of Debtor examining the Toll Limitation Charges. On or around January 21, 2011 USAC provided the results of the audit to the Debtor, and based on the results of the audit requested that the Debtor file amended Forms 497 for the period of April 2010 to December 2010. On or around January 31, 2011, the Debtor sent USAC a notice of appeal regarding the results of USAC's audit. To the Debtor's knowledge the appeal is still pending, thus, the amounts owed for the periods at issue are in dispute.

The Debtor has never received an invoice from USAC post petition, but has contacted USAC attempting to resolve the issue. Debtor recently confirmed with USAC that USAC had been sending invoices to an incorrect address for approximately two (2) years. The Debtor's address has now been updated in USAC's system.

### III. REVISIONS TO DS

The Debtor will conditionally amend its DS to provide USAC with a pre petition amount of $106,187.23 and an administrative claim in the amount of $50,584.41. The Debtor requests that USAC: (1) file an amended proof of claim on its pre petition amount which the Debtor will have time to review and object to, if appropriate; and (2) to submit a motion for allowance of an administrative expense. Alternatively, the Debtor invites USAC's counsel to contact the Debtor's counsel regarding these amounts so the parties may come to a mutual agreement regarding the amounts that may be owed to USAC.

The Debtor will amend the DS to explain: (1) that if the Debtor is successful on its appeal, it will not impact the post petition amount to USAC, however it the Debtor is unsuccessful on its appeal it may increase the amount owed to USAC by approximately $18,000.00; (2) that the Reorganized Debtor will timely file all necessary reports with USAC and comply with USAC requirements including payment of monthly invoices and obligations that arise post confirmation;

and (3) the Reorganized Debtor would be the party shall be the party entitled to any credits issued by USAC post confirmation.

## IV. CONCLUSION

WHEREFORE, the Debtor respectfully requests that the Court allow the Debtor to file a First Amended DS to provide for the revisions set forth above, and set a continued hearing date for the First Amended DS.

DATED: May 19, 2011

SMITH CAMPBELL CLIFFORD KEARNEY GORE
A Professional Law Corporation


By: /s/ Christine M. Fitzgerald
Barry R. Gore
Christine M. Fitzgerald
Counsel for Chapter 11 Debtor and Debtor in Possession,
ConnectTo Communications, Inc.

**DECLARATION IN SUPPORT ARAKSIYA NADJARIAN**

I, Araksiya Nadjarian, declare as follows:

1.  I am the President of ConnectTo Communications, Inc., Chapter 11 Debtor and Debtor in Possession (the "Debtor"). The following is true and correct and is based upon my personal knowledge and knowledge that I have gained by reviewing the books and records of the Debtor which are maintained in the ordinary course of business. If called upon as a witness in this matter, I could and would competently testify thereto.

The Debtor's quarterly reports with USAC provide an estimate for the Debtor's anticipated revenue for that quarter. The Debtor's 2011 Annual Report reflects the Debtor's actual revenue for 2010. Pursuant to USAC's procedures, "True-Up" credits or adjustments are paid in three equal amounts in July, August and September of the subsequent year (in this case July, August and September 2011). On or around March 18, 2011 the Debtor filed the following reports its Quarterly reports for November 2010 and February 2011. On or around March 18, 2011 the Debtor timely filed its 2010 Annual Report with USAC. The Debtor was just informed of the results of USAC's analysis of these reports through USAC's Objection. Further the USAC has informed the Debtor that is has not completed the 2010 Annual "True Up" so the pre petition amount USAC will be subject to further change.

2.  On or around July 30, 2010, USAC performed an audit of Debtor examining the Toll Limitation Charges. On or around January 21, 2011 USAC provided the results of the audit to the Debtor, and based on the results of the audit requested that the Debtor file amended Forms 497 for the period of April 2010 to December 2010. On or around January 31, 2011, the Debtor sent USAC a notice of appeal regarding the results of USAC's audit. To the Debtor's knowledge the appeal is still pending, thus, the amounts owed for the periods at issue are in dispute.\

3.  The Debtor has never received an invoice from USAC post petition, but has contacted USAC attempting to resolve the issue. Debtor recently confirmed with USAC that USAC had been sending invoices to an incorrect address for approximately two (2) years. The Debtor's address has now been updated in USAC's system.

-5-

1  I declare under penalty of perjury, under the law of the United States of America that the
2  foregoing is true and correct.
3
4  Executed on this 19th day of May 2011, at Glendale, California.
5
6                                                                    _____
7                                                                    Araksiya Nadjarian

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

A true and correct copy of the foregoing document described as **REPLY TO LIMITED OBJECTION OF UNIVERSAL SERVICE ADMINISTRATIVE COMPANY TO MOTION OF THE DEBTOR FOR OREDER: (1) APPROVING DISCLOSURE STATEMENT DESCRIBING DEBTOR'S CHAPTER 11 PLAN; (2) ESTABLISHING PROCEDURES FOR THE SOLICITATION AND TABULATION OF VOTES TO ACCEPT OR REJECT THE PLAN; (3) FIXING A RECORDING DATE FOR VOTING; AND (4) FIXING DATE, TIME AND PLACE FOR CONFIRMATION HEARING** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **May 19, 2011** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

**See attached service list**

☒ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On **May 19, 2011** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**See attached service list**

☒ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| May 19, 2011 | Brenda L. Campos | /s/ Campos |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010    **F 9013-3.1.PROOF.SERVICE**

## SERVICE LIST

### Section I
### Served by the Court Via NEF

**Office of the US Trustee**
United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
Dare Law    dare.law@usdoj.gov

**Attorney for Creditor Universal Service Admin. Compnay**
Gina M Barbieri    gbarbieri@mirickoconnell.com
Christine E Devine    cdevine@mirickoconnell.com
Nada I Shamonki    nshamonki@mintz.com, docketing@mintz.com

**Attorney for Debtor**
Christine M Fitzgerald    cfitzgerald@scckg.com

**Attorney for Creditor AT&T**
Mark D Houle    mark.houle@pillsburylaw.com
David Tabibian    david.tabibian@pillsburylaw.com

**Attorney for Creditor Hi-Tech Gateway, Inc**
Sean Keshishyan    troxelllaw@dslextreme.com

**Attorney for Creditor Wells Fargo**
Edward J Miller    emiller@dfflaw.com

**Attorney for Creditor US Colo, LLC**
Mark Wray    mwray@markwraylaw.com

**Attorney for Wilshire State Bank**
John H Choi    johnchoi@kpcylaw.com

**Other interested party**
Eve A Marsella    emarsella@lawcgm.com

### Section II

### Served via Fed Ex Overnight

**JUDGE**
Honorable Vincent P. Zurzolo
255 E. Temple St., Suite 1360
Los Angeles, CA 90012

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*                                                                                                          **F 9013-3.1.PROOF.SERVICE**

**Section II Continued**

**Served via US Mail**

**DEBTOR**
ConnectTo Communications, LLC
555 Riverdale, Suite A
Glendale, CA 91204

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*    **F 9013-3.1.PROOF.SERVICE**